## ST. LOUIS, B. & M. RY. CO. et al. v. MARCOFICH. (No. 109—2957.)

(Commission of Appeals of Texas, Section A. May 12, 1920.)

1. **Carriers** ⬳152—**Statute prohibiting limitation of liability not repealed by implication.**

Rev. St. 1911, art. 708, first enacted in 1863, prohibiting carriers from limiting or restricting their common-law liability, was not repealed by implication by article 5714, which, without special reference to carriers, prohibits stipulations requiring notice of any claim for damages within a less period than 90 days.

2. **Statutes** ⬳161(1)—**Repeals by implication not favored.**

Repeals by implication are never favored, and when a later act is silent as to an older law the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose to repeal is manifest.

3. **Statutes** ⬳225—**Knowledge of existing law attributed to Legislature.**

Knowledge of an existing law relating to the same subject is attributed to the Legislature in the enactment of a subsequent statute.

4. **Statutes** ⬳159—**Repealed by implication only when both statutes cannot stand.**

An implied repeal does not result, unless the antagonism between the two statutes is so pronounced that both cannot stand, and if it is possible to fairly reconcile them, and so construe the later statute as to allow effect to the older law and still leave an ample field for its own operation, an implied repeal does not result.

5. **Statutes** ⬳159—**Not repealed by implication unless purpose is the same.**

While a statute contrary to a former one and expressed in negative words operates to repeal the former, the rule is applicable only when the purpose of the statutes is the same.

6. **Statutes** ⬳159—**Repugnancy in principle or spirit will not work repeal by implication.**

Repugnancy in principle between two acts forms no reason why both may not stand, and one statute is not repealed by the repugnant spirit of another.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Frank Marcofich against the St. Louis, Brownsville & Mexico Railway Company, the International & Great Northern Railway Company, and another. A judgment for plaintiff against the defendants named was affirmed by the Court of Civil Appeals (185 S. W. 51), and such defendants bring error. Affirmed.

Glass, Estes, King & Burford, of Texarkana, and J. M. Burford, of Mt. Pleasant, for plaintiffs in error.

Mahaffey, Keeney & Dalby, of Texarkana, for defendant in error.

TAYLOR, J. Frank Marcofich, defendant in error, sued the St. Louis, Brownsville & Mexico and the International & Great Northern Railway Companies, plaintiffs in error, and the Texas & Pacific Railway Company, to recover damages alleged to have been sustained to a shipment of mules from Brownsville to Texarkana. Trial resulted in a verdict and judgment for defendant in error against all the companies except the Texas & Pacific. On appeal by plaintiffs in error the Court of Civil Appeals affirmed the judgment. 185 S. W. 51. In the view we take of the case, a full statement of the facts is not necessary.

The shipment was made under contracts stipulating that, as a condition precedent to defendant in error's right to recover damage to his stock in transit, he should, within 91 days after such damage occurred, give written notice thereof to some agent of the railway company. Plaintiffs in error pleaded in bar that defendant in error failed to comply with the notice stipulations. Defendant in error concedes his failure to do so, but seeks to avoid the effect of his noncompliance on the ground, among others, that the stipulations were void as a limitation upon the common-law liability of a carrier.

The Court of Civil Appeals was of opinion that the notice stipulations were valid and binding under the provisions of article 5714, R. S. 1911, citing Railway Co. v. Mayes, 44 Tex. Civ. App. 31, 97 S. W. 318, and Railway Co. v. Hughey (Civ. App.) 182 S. W. 361; but held, further, that whether they were reasonable was an issue of fact. Defendant in error contends that the stipulations were void as a limitation upon the common-law liability of a carrier of intrastate shipments; and, regardless of whether reasonable, were in contravention of article 708, R. S. 1911.

Article 708, enacted in 1863, is as follows:

"Railroad companies and other common carriers of goods, wares and merchandise, for hire, within this state, on land or in boats or vessels on the waters entirely within the body of this state, shall not limit or restrict their liability as it exists at common law, by any general or special notice, or by inserting exceptions in the bill of lading or memorandum given upon the receipt of the goods for transportation, or in any other manner whatever, and no special agreement made in contravention of the foregoing provisions of this article shall be valid."

The act (including the caption) of which article 5714 prior to its amendment was a part was passed in 1891 (Laws 1891, c. 17), and is as follows:

"An act invalidating the provision in any stipulation, contract or agreement limiting the time in which suit may be brought thereon to not less than two years, and to provide what shall be a sufficient notice of a claim before suit brought and how the same shall be given.

"Section 1. Be it enacted by the Legislature of the state of Texas: That it shall hereafter

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be unlawful for any person, firm, corporation, association or combination of whatsoever kind to enter into any stipulation, contract or agreement by reason whereof, the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract or agreement for any such shorter limitation in which to sue, shall ever be valid in this state.

"Sec. 2. No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and when any such notice is required, the same may be given to the nearest or any other convenient local agent of the company requiring the same. That in any suit brought under this act it shall be presumed that notice has been given unless the want of notice is specially pleaded under oath."

The first section was brought forward in the 1911 revision as article 5713. The second section was modified by amendment in 1907 (General Laws 1907, p. 241, § 1) by adding the following proviso:

"No stipulation in any contract * * * between a person, corporation or receiver operating railroad or street railway or interurban railroad and an employé or servant requiring notice of a claim by an employé or servant for damages for injury received to the person, or by a husband, wife, father, mother, child or children of a deceased employé for his or her death, caused by negligence as a condition precedent to liability, shall ever be valid. In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath."

The second section as amended was codified as article 5714, Revised Statutes 1911.

Prior to the passage of the act of which article 5714 is a part, the Supreme Court held that, under the terms of article 708, notice stipulations such as are here under consideration were void in an intrastate shipment contract, as constituting a limitation upon the common-law liability of a carrier. Railway Co. v. Harris, 67 Tex. 166, 2 S. W. 574; Railway Co. v. Trawick, 68 Tex. 314, 4 S. W. 567, 2 Am. St. Rep. 494.

[1] Unless the effect of the act of 1891 was to repeal article 708, the notice stipulations in the contracts are invalid. As the only errors assigned in the application for the writ relate to the refusal of the court to give a peremptory instruction in favor of plaintiffs in error because of noncompliance with the notice stipulations, the case turns upon the question of repeal suggested.

The act of 1891 makes no express provision for the repeal of article 708. It makes no reference to that or any other article of the statutes. In fact, it does not purport on its face to repeal any existing law. Clearly then, the repeal, if any, is by implication.

[2-4] We have found no clearer statement of the rules of statutory construction applicable in determining whether one statute impliedly repeals another than that contained in Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S. W. 1036, a case the question in which furnishes a close analogy to the question presented in this case, to wit, whether a subsequent statute containing no express provision for repeal, seemingly in conflict with a former statute, repeals the former by implication when they deal with different specific subjects. The statement of the rules and the authorities cited are as follows:

"Repeals by implication are never favored. Laws are enacted with a view to their permanence, and it is to be supposed that a purpose on the part of the lawmaking body to abrogate them will be given unequivocal expression. Knowledge of an existing law relating to the same subject is likewise attributed to the Legislature in the enactment of a subsequent statute; and when the later act is silent as to the older law, the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose to repeal is manifest. To avoid a state of conflict an implied repeal results where the two acts are in such opposition. But the antagonism must be absolute—so pronounced that both cannot stand. Though they may seem to be repugnant, if it is possible to fairly reconcile them, such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation, rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and, therefore, an implied repeal does not result, since in such case both may stand and perform a distinct office. Especially will this construction be adopted where the older law is particular and expressed in negative terms, and the later statute is general in its nature. In such instances that to which the older law distinctly applied its negative provisions will be regarded as excepted from the operation of the more general statute. These are but the familiar rules of construction to be applied where the implied repeal of a law is involved. They are so well understood as not to require the citation of authority, but reference may be made to the following: Lewis' Sutherland, Stat. Cons. vol. 1, § 247; Endlich, Interp. of Stat. §§ 210, 216, at pages 288, 289; Hanrick v. Hanrick, 54 Tex. 101; Brown & Co. v. Chancellor, 61 Tex. 437; Herndon v. Reed, 82 Tex. 647, 18 S. W. 665; Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536; Frost v. Wenie, 157 U. S. 46, 15 Sup. Ct. 532, 39 L. Ed. 614."

The presumption is that the Legislature, in passing the act of 1891, intended the continued operation of article 708, unless the provisions of section 2 of the act are so antagonistic to those of the article that both cannot stand. In determining whether such antagonism exists, their respective provisions and purposes are to be looked to.

Suppose the provisions of the two statutes material to the question under consideration be written into one in the following manner (omitting all surplusage not necessary to the illustration):

Section 1. Common carriers of goods for hire shall not limit or restrict their liability as it exists at common law by requiring as a condition precedent to suit that notice of a claim for damages be given.

Sec. 2. No stipulation in any contract (of any person, firm, corporation, association, or combination of any kind) requiring notice to be given of any claim for damages shall ever be valid unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void.

It would hardly be contended that the foregoing sections are so repugnant that both cannot stand and perform their respective offices; section 1 constituting merely an exception to the general provisions of section 2.

[5, 6] It may be argued that article 5714, having been passed subsequent to the enactment of article 708, and being negative in form, repeals the former article. It is true that if a statute contrary to a former one be expressed in negative words, it operates to repeal the former. Lewis' Sutherland, Stat. Cons. vol. 1, § 248; Bacon's Abridgment, vol. 9, p. 234; Bishop on Written Laws, § 153; State of Nevada ex rel. Sheriff, etc., v. Commission of Washoe County, 22 Nev. 203, 37 Pac. 486.

The foregoing rule is applicable, however, only when the purpose of the statutes is the same. It must be borne in mind that in cases of inferred repeals the inference is from necessity, growing out of the fact that the old and the new statutes are in such conflict that both cannot be operative. Sutherland on Stat. Const. vol. 1, § 246. "Repugnancy in principle, merely, between two acts forms no reason why both may not stand. Nor is one statute repealed by the repugnant spirit of another." Id. In the absence of a repealing clause, it is necessary to the implication of a repeal that the objects of the two statutes are the same. If not, both statutes will stand, notwithstanding they may refer to the same subject. It is only when the new statute is intended to cover the whole subject to which it relates, and is repugnant to the old statute, that it repeals by implication all prior statutes on the subject. Cole v. State, supra; U. S. v. Claflin, 97 U. S. 546, 24 L. Ed. 1082.

The two articles of the statute under consideration have different purposes. They do not even relate to the same subject, except incidentally. The subject dealt with by article 708 is carriers. Its purpose, as stated in its caption, was "to amend an act concerning common carriers and define their liabilities in certain cases." The subject of section 2 of the act of 1891 is, in a general way, the regulation of contracts of the class named in the matter of notice stipulations. The purpose of that section, as it appears from that part of the caption having reference to it, is "to provide what shall be a *sufficient* notice of a claim before suit is brought, and how the same shall be given." (Italics ours.)

Statutes intended to perform such distinct offices, and differing so materially in purpose, cannot be repugnant. Article 708 is specific, and expressed in negative terms. Article 5714 is general in its nature. That to which the former applies in its negative provisions, to wit, the limitation or restriction by carriers of goods for hire of their common-law liability, is in effect excepted from the general provisions of the latter. Cole v. State, supra.

It is clearly evident, we think, that the Legislature did not intend that the act of 1891 should operate as a repeal of article 708. The notice stipulations of the contracts relied upon by plaintiffs in error are therefore invalid.

We recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.