HOWARD HEARD v. THE STATE.

No. 13429. Delivered June 11, 1930.
Rehearing denied October 15, 1930.
Reported in 31 S. W. (2d) 435.

The opinion states the case.

*Callaway & Callaway* of Brownwood, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

O. D. Williams, one of the purchasers named in the indictment, testified that he bought several bottles of beer from the appellant. Arthur Williams, the other purchaser, testified to substantially the same effect. He also stated that he was offered a sum of money by the appellant to leave the country and not testify against him in court. The purchasers were employed by the sheriff.

The beer was analyzed and found to contain 6.3 per cent of alcohol by volume.

By the testimony of several witnesses appellant presented the defense of alibi in that on the day the sale was made he was at the town of Dublin or near there fishing. The wife of the appellant testified that on Sunday, May 5th, (the day of the alleged offense) her husband took her to her mother's home and went fishing. She said:

"He went fishing that day. He carried me over to my mother's early in the morning and went fishing and came back that night and got me. He left that morning to go fishing about eight o'clock. He carried his fishing tackle with him. He left in a Ford Coupe. He carried me and the baby over to my mother's. He came for me that night after dark. * * * When he got back he told me where he had been that day and what he had been doing. He went fishing that day with Hat Baxter. They went down on Clear Creek; that is, they said that they were going to Clear Creek."

In refusing to receive evidence of details as to the kind of fish he was going to catch and his declaration on his return that he had been fishing with Baxter, no error is perceived.

The admissibility of the testimony to the effect that the appellant offered the witness Williams $500.00 if he would leave Brown County and not testify against him and that the appellant had paid the witness the sum of $410.00 for the purpose of inducing the witness to leave Brown County and not appear against him is challenged in Bills of Exceptions Nos. 1 and 2. The testimony was admissible against the appellant as original evidence of guilt. See Branch's Ann. Tex. P. C., p. 93, sec. 162, citing Clark v. State, 43 S. W. 522; Booth v. State, 52 Tex. Cr. R. 454, and other cases. Exception to the failure to charge the jury that such testimony should be restricted to the question of the credibility of the witness Williams would have been of no avail, as the testimony was not subject to such limitation.

It appears that Baxter was one of the witnesses to the alibi and was under process; that he was engaged in the grain business on a public square at Brownwood and that at the close of the case they were unable to find him. He had been told by the wife of the witness that he had gone hunting and would return that evening. The appellant sought a postponement of the case pending the arrival of the witness. If the witness Baxter was not present at the time the trial began, it was incumbent upon the appellant to have applied for a delay because of his absence. The bill fails to show that he was present, or to show any fact which would warrant this court in holding that the trial judge abused his discretion in refusing at the time the evidence closed to await the effort to secure the attendance of the witness. Neither is the motion for new trial verified by the affidavit of the witness to the effect that his testimony, if present, would have been in accord with the averments in the motion.

Complaint is made that counsel for the appellant was allowed but forty-five minutes for argument. Undue limitation of argument has been held ground for a reversal. The matter, however, is to a large degree within the discretion of the court. See Morales v. State, 1 Tex. Cr. App. 494; Cross v. State, 11 Tex. Cr. App. 84. No facts are contained in the bill or gathered from the record such as to impress this court with the view that there was reversible error in the restriction placed upon the argument of counsel. See Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, Art. 648, p. 87.

The judgment is affirmed.

*Affirmed.*

LATTIMORE, JUDGE.—Appellant insists that we were wrong in holding admissible as evidence of his guilt of selling intoxicating liquor to Arthur Williams, the fact that after indictment he offered said Williams $500.00 to leave the country, and paid $410.00 of said amount. According to the State's theory Arthur and O. D. Williams went together on May 5, 1929, to appellant's house and Arthur bought from him four bottles of beer. The indictment was returned in June following. Arthur Williams testified that about July 14th he had a conversation with appellant relating to the purchase of this beer. Without detailing the conversation between appellant on the one hand and Arthur and O. D. Williams on the other, it is enough to say that it appears without controversy that appellant offered them $500.00 if they would leave the county till court was over and not appear at court, and that he paid them $410.00 "for us to leave." This was after the return of the indictment and before the instant trial. Appellant's objection to said testimony was that same related to another and different crime from that for which he was on trial, could throw no light on the issues involved, and would tend to prejudice him in the minds of the jury. To be sure the bribery or attempted bribery of a witness to leave and not testify in a given case, is a crime different from the one already committed to which the testimony of said witness would relate, but this proposition would in nowise affect the admissibility of such proof as part of the State's case in chief on the trial of the main cause,—nor would the fact that such testimony would be damaging, affect its admissibility.

If, by his objection, appellant means that his offer was part of an effort to prevent said witness from appearing and testifying in some other case, and as to some crime other than the sale of this liquor,—adequate reply would be that no such showing is made in either bill of exception presenting this complaint, and the mere statement of the proposition as a ground of objection would not be enough. Holder v. State, 18 S. W. (2d) 661; Barker v. State, 109 Texas Crim. Rep. 67; Vinson v. State, 105 Texas Crim. Rep. 107; Ard v. State, 101 Texas Crim. Rep. 545.

It is now urged that the trial court erred in allowing appellant's counsel only ten minutes to examine and object to the charge when same was prepared and submitted. It appears from the bill of exception that no objection to this limitation was made at the time, but it is now asserted that because of such limitation said

counsel failed to object to a matter in said charge which is set out and which he now deems erroneous. We have inspected the matter thus complained of and do not agree with counsel that same was an error of the charge. It is the contemplation of our statute that counsel for the accused shall have a reasonable time for examination of the charge, and in which to present his objections thereto. Art. 658, C. C. P. What is a reasonable time would necessarily be governed by the facts in any given case. When it is shown without contradiction that opportunity for examination was given, and further that no objection was then made to the time fixed, it would seem proper to require that any complaint of the time fixed be accompanied by some showing of injury resulting therefrom. We do not think this was done in the instant case.

The motion for rehearing is overruled.

*Overruled.*