## BURTON HUSTON v. THE STATE.

No. 16791.   Delivered May 23, 1934.

The opinion states the case.

*McWhorter & Howard, W. M. Peticolas, Jr.,* and *Walter F. Schenck,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was tried charged the offense of burglary and contained averments showing two previous convictions in Hale County of like offenses. Because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for life.

It is unnecessary to set out the indictment. We deem it sufficient.

The State introduced in evidence the indictment in cause No. 1678 in the district court of Hale County, and also the judgment and sentence showing Burton Huston's conviction for burglary in said cause in 1928. The same proof was made in cause No. 1965 in the district court of Hale County showing conviction of Burton Huston for burglary in 1930. The only proof in the record identifying appellant as the person convicted under the indictments returned in the district court of Hale County came from the witness Hooper, who testified that he was on the police force at Plainview in Hale County in the year 1928, and that in 1930 he was a deputy sheriff. As to appellant's conviction in Hale County, the witness went no further than to say that appellant was tried in 1928 and again in 1930 in the district court of Hale County. He testified that he did not remember the number of the cases. He did not testify that appellant was tried for burglary. As far as his testimony was concerned, the trial might have been for offenses of a dissimilar nature. It was imperative that the State prove not only that appellant committed the burglary alleged to have been committed in the present case in Lubbock County, but that it establish the identity of appellant as the person convicted under the indictments returned in the district court of Hale County. Walthall v. State, 2 S. W. (2d) 442. We think the testimony is not sufficient on this point.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.