## RAYFIELD GRIMMETT V. STATE

No. 28,166. May 2, 1956.

*Woodrow Seals,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted as a second offender of keeping a

bawdy house, in violation of Art. 514, V.A.P.C., and was assessed punishment at 40 days in jail and a fine of $400.

The information charged that the offense was committed on or about the 3rd day of August, 1955, and further alleged that, prior to the commission of the offense, the appellant had been finally convicted, in the County Court at Law No. 2 of Harris County, Texas, on the 3rd day of March, 1955, of an offense of like character, to-wit: the offense of operating a bawdy house, in Cause No. 110167, styled The State of Texas vs. Rayfield Grimmett.

In view of our conclusion that the case must be reversed because of the insufficiency of the evidence to identify the appellant as being the same person convicted in the prior conviction alleged, a statement of the facts is unnecessary.

In proof of the alleged prior conviction the state offered in evidence the complaint, information, and judgment in Cause No. 110167, styled The State of Texas v. Rayfield Grimmett and Buck Johnson on the docket of the County Court at Law No. 2 of Harris County, Texas, which reflected that, on the 3rd day of March, 1955, each defendant was, upon a plea of guilty, convicted of the offense of unlawfully keeping a bawdy house.

The only evidence as to the appellant being the same person convicted in Cause No. 110167 is found in the testimony of Deputy District Clerk E. E. Hard, from which we quote:

"MR. WIEBUSCH: Now Capt. Hard, is this the same man, Mr. Rayfield Grimmett, who is being tried today, is that the same man who was convicted in cause number 110167 on the 3rd day of March, 1955? A. I don't remember him. All I can say is from the records, but he has testified he is the same man already.

"Q. You heard testimony today he was the same man? A. Yes sir.

Question by Mr. Seals on cross-examination:

"Q. Well you don't know it is do you? A. I don't remember him, no."

The testimony of the witness shows that he did not remem-

ber or know that the appellant was the same person previously convicted. Under the record, his statement that appellant had testified he was the same man and that he had heard testimony he was the same man is not supported by the record. The record reflects that appellant did not testify at the trial and does not contain the testimony of any other witness who testified that he was the same person previously convicted.

The evidence being insufficient to identify the appellant as the person previously convicted, his conviction as a second offender cannot stand.

In view of another trial, we deem it necessary to pass upon appellant's contention that the bawdy house statute under which he was prosecuted has been repealed.

Appellant insists that the amendment of the vagrancy statute, Art. 607, V. A. P. C., by the 48th Legislature, in 1943, repealed by implication the bawdy house statute, Art. 514, supra.

By the 1943 amendment of the vagrancy statute, Sections 15 to 21 were added thereto.

Section 15 defines a vagrant as "all persons who invite, entice, or solicit any male person, or direct, take or transport, or aid or assist in transporting, any male person to visit any bawdy house or disorderly house or other place for the purpose of unlawful sexual intercourse, etc."

By Sections 16 and 19, vagrants were further defined as "all persons who engage in prostitution, lewdness or assignation" and "all persons who aid, abet, or participate in the doing of any of the acts herein prohibited."

The question of repeal of statutes by implication is a matter of legislative intent. 39 Tex. Jur., sec. 73, p. 138. It is a recognized rule that repeals by implication are not favored. Parshall v. State 62 Tex. Cr. R. 177, 138 S.W. 759. Although two statutes refer to the same subject, both will stand unless their objects are the same, or unless there is some irreconcilable conflict upon the specific subject 39 Tex. Jur., sec. 76, p. 142.

We do not think the amendment to the vagrancy statute, Art. 607, supra, evidences an intention upon the part of the legislature to repeal the bawdy house statute. Although both

statutes relate to prostitution, the bawdy house statute condemns the keeping of the house while the vagrancy statute generally condemns any act of aiding or abetting a prostitute. There is no irreconcilable conflict between the two statutes, and we see no reason why the two statutes cannot stand and be separately enforced. Appellant's contention is overruled.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Judge, dissenting.

The state offered in evidence the information and judgment in Cause No. 110167 in County Court at Law No. 2 of Harris County, Texas, the court where he was tried in the case at bar. These records reflect that Rayfield Grimmett and another had been convicted upon a plea of guilty of the offense of unlawfully keeping a bawdy house on March 2, 1955. This was the conviction alleged in the complaint and information for enhancement of punishment for the present offense of keeping a bawdy house on or about August 3, 1955.

The present trial occurred on October 5, 1955, seven months after the prior conviction.

The deputy clerk who produced the records of the previous conviction was unable to identify appellant from memory as the defendant in the prior conviction, but testified "he has testified that he is the same man already."

It is not material that such testimony was given in some other proceeding. Had appellant so testified upon the present trial his identity would have been established without any other testimony on the subject.

In Garza v. State, 159 Tex. Cr. R. 234, 262 S.W. 2d 722, cited by appellant, the sheriff testified that the defendant had admitted to him that he had been previously convicted "at some undisclosed time and for some undisclosed felonies" in the two counties which the records showed a person of the same name had been convicted, as alleged for enhancement purposes.

In Huston v. State, 126 Tex. Cr. R. 355, 71 S.W. 2d 876, a deputy sheriff testified that the defendant was tried in the district court of Hale County in 1928 and again in 1930. The wit-

ness testified that he did not remember the number of the case and did not testify that the offense was burglary, the offense of which a man of the same name was, according to the records introduced and the allegation of the indictment, convicted in Hale County.

Neither of these cases relied on by appellant supports his position. Here the evidence shows the prior conviction to have been in the same court and that appellant had admitted under oath that he was the person so convicted.

I respectfully enter my dissent.