

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 29, 1961

Honorable H. D. Glover
County Attorney
Reeves County
Pecos, Texas

Dear Mr. Glover:

Opinion No. WW-1125

Re: Whether a newspaper of
general circulation in
a county which has been
continuously published
for a period of less than
one year is permitted to
publish notices required
by the probate code.

Your request for an opinion concerns The Pecos
Daily News, a new local newspaper, which has recently begun
to publish a daily newspaper of general circulation in
Pecos County. In particular you question whether such news-
paper is qualified to accept for publication legal notices
required by the Texas Probate Code in that said newspaper
has not been regularly and continuously published for twelve
months as specified by Paragraph 2, Article 28a, Vernon's
Civil Statutes, which reads, in part, as follows:

"The term 'newspaper' shall mean
any newspaper . . . having been publish-
ed regularly and continuously for not
less than twelve (12) months prior to
the making of any publication mentioned
in this Act."

The publications mentioned in Article 28a are to be found
enumerated in Paragraph 1. This Paragraph states as
follows:

"The term 'publication' shall
mean any proclamation, notice, cita-
tion, advertisement, or other matter
required or authorized by law to be
printed in a newspaper or newspapers
by any institution, board, commission,
department, officer, agent, represen-
tative, or employee of the State or of
any subdivision or department of the
State, or of any county, political
subdivision, or district of whatever

nature within the State, whether to
be paid for out of public funds or
charged as costs or fees."

Paragraph 6 of Article 28a also provides:

"The officer, employee, agency,
or persons charged with the duty of
inserting any publication in a news-
paper or newspapers shall select the
newspaper or newspapers in which such
publication is to be inserted."

Finally, Paragraph 5 of Article 28a provides:

"The term 'shall' whenever used
in this Act shall be construed as
indicating mandatory provisions in
this Act."

Article 29a, Vernon's Civil Statutes, is entitled
Official Publications. This is a specific statute that
states:

". . . in every case where any
law, general or special, requires
the giving of any notice, the making
of any proclamation or advertisement,
or the service of any citation by any
institution, board, commission, depart-
ment, officer, agent, representative,
or employee of the State or of any sub-
division or department of the State or
of any county, political subdivision,
or district of whatever nature within
the State by publication in a newspaper,
the giving of such notice, the making of
such proclamation or advertisement, or
the service of such citation shall be by
publication in a newspaper, as defined
in Section 1 of this Act."[1]  (Emphasis
added)

Thus a county clerk, as an officer of the county, is bound
to comply with the aforesaid Paragraphs of Articles 28a and
29a in regard to the submission of notices, citations, and

------

[1] Articles 28a, 29a, Vernon's Civil Statutes; as amended
1941.

other such process for publication.

The authority of a county clerk to issue process in probate matters is well defined in the Texas Probate Code. Section 33(b) of Vernon's Probate Code provides that:

> "The county clerk shall issue
> necessary citation, writs, and pro-
> cess in probate matters, and all
> notices not required to be issued
> by personal representatives, . . ."

When it is determined that such process or notice not required to be issued by personal representatives cannot issue except by publication, the county clerk must comply with the procedure set out in Section 33(f)(3) of Vernon's Probate Code. This subsection provides as follows:

> "When a person is to be cited or
> notified by publication, the citation
> or notice shall be published once in
> a newspaper of general circulation in
> the county in which the proceedings
> are pending, . . ." (Emphasis added)

We see no conflict between the provisions of Articles 28a, 29a, Vernon's Civil Statutes, as amended in 1941, and Section 33 of Vernon's Probate Code, as amended in 1957, in regard to the official duties of a county clerk in submitting required notices to "newspapers" for publication. Articles 28a and 29a are specific Articles that employ strict statutory language to define the terms, "newspaper," "publication," and "official publications," and to specifically indicate who shall be bound by such definitions. On the other hand, Section 33 of the Probate Code is general in nature in regard to "newspapers" and "publications" in that Section 33(b)(f)(3) requires only that notice be published in a newspaper of general circulation. The case of St. Louis, B & M Ry. Co. v. Marcofich, 221 S.W. 582 (Com.App. 1920), held that knowledge of an existing law relating to the same subject is attributed to the Legislature in the enactment of a subsequent statute. State v. Humble Oil and Refining Co., 187 S.W.2d 93 (Civ. App. 1945, error ref. w.o.m.) held that where a new statute is passed dealing with a subject covered by an old law, if there is no express repeal, the presumption is that the Legislature intended the old statute to remain in operation. Finally, Randell v. Randell, 222 S.W.2d 252 (Civ.App. 1949, error dism.), held that in case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or

limited by the latter; and this is so, whether the provisions in question are contained in the same act or different enactments. After careful study of the statutes and cases cited above, it is our opinion that in placing such probate notices or process for publication, the county clerk, a county agent, is bound by the definition of "newspaper" as defined by Paragraph 2, Article 28a, Vernon's Civil Statutes; and, therefore, he can only select a "newspaper" which has been continuously and regularly published for the preceeding twelve months.

However, as Section 33(b) of the Probate Code indicates, there are certain notices in probate matters that personal representatives, i.e. executors or administrators are required to issue and therefore may not issue from the county clerk. When a personal representative is required to notify a person concerned with a probate matter and such notice is to be by publication, because personal service may not be had, the publication must also be in accord with Section 33(f)(3) of the Code. But here lies the pertinent question. Is the personal representative in submitting notices required by the Probate Code to be issued only by him bound by the definition of "newspaper" as defined in Paragraph 2, Article 28a, Vernon's Civil Statutes? It is our opinion he is not. The personal representative is not an agent or employee of the State or one of its subdivisions, as is a county clerk. The word "newspaper" is defined in Black's Law Dictionary, Fourth Edition, as follows:

>"A publication, usually in sheet form, intended for general circulation, and published regularly at short intervals, containing intelligence of current events and news of general interest."

After considering this succinct definition, it is our opinion that it will be sufficient that a personal representative choose a newspaper which is of general circulation and which is in regular publication at the time the probate notice is submitted for publication.

## S U M M A R Y

A newspaper of general circulation in a county which has been continuously published for a period of less than one year is not permitted to publish notices required or authorized by the Probate

Code to be issued by the county clerk.
However, such a newspaper is authorized
to publish all probate notices required
by the Code to be issued by personal
representatives only.

Yours very truly,

WILL WILSON
Attorney General of Texas

By I. Raymond Williams, Jr.
I. Raymond Williams, Jr.

IRW:mm:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Charles Lind
Glenn Brown
Gordon C. Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays