**Nathan R. WINGATE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35398.

Court of Criminal Appeals of Texas.

Feb. 27, 1963.

No attorney on appeal.

Frank Briscoe, Dist. Atty., Daniel P. Ryan, Jr., Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., of Austin, for the State.

McDONALD, Judge.

The offense is driving while intoxicated, second offense; the punishment, confinement in the county jail for twelve months.

The state introduced into evidence a certified copy of the judgment showing a prior conviction for misdemeanor D.W.I. in the County Court of Henderson County, Texas.

Edward D. Michalek, a former assistant district attorney for Harris County, testified that he was present in court when the appellant had judicially admitted that he was the same person who had been convicted of misdemeanor D.W.I., on the 23rd day of January, 1950, in Henderson County, Texas.

Voluntary admissions of a party in one judicial proceeding are admissible

against him in other judicial proceedings to which he may also be a party. 24 Tex. Jur.2d, Evidence, Sec. 630; Mooney v. State, 73 Tex.Cr.R. 121, 164 S.W. 828; Diamond v. State, Tex.Cr.App., 355 S.W. 2d 522.

State's witnesses Mr. and Mrs. Allan Ingalsbe both testified that they observed appellant driving his Cadillac automobile on the night in question and saw him strike a parked car in the rear; that they observed appellant at the time and that he staggered when he walked, as he got out of his car, and was disheveled; that the smell of liquor was on his breath; and that, in their opinion, he was intoxicated.

Houston police officers E. C. Rogers and R. A. Woodruff testified that upon their arrival at the scene of the accident, appellant smelled of alcohol and, in their opinion, was intoxicated. The officers further testified that appellant offered them a forty-dollar bribe.

Elmer Wilson Burkett also testified for the state. Mr. Burkett related that he was a wrecker driver; that on the night in question he saw appellant at the scene of the accident in which he (appellant) had been involved; that when he got to the scene appellant "was holding onto a car, more or less leaning on it * * *." The witness further testified: "as I remember, the officer asked him to walk over to where he was and he kinda wobbled a little bit, or kinda staggered"; that he got close enough to appellant to smell his breath and that he could smell the odor of whisky; and that it was his opinion that appellant was intoxicated.

The witnesses for appellant, Manos Daskalos and appellant's wife, Janie Wingate, testified that they had observed the appellant a short time before the accident and that in their opinion he was not intoxicated at the time they observed him. The jury resolved this issue against the appellant.

■ We find the evidence sufficient to sustain the jury's verdict.

■ At the trial appellant complained of the admission of the testimony of the two officers that they were offered a forty-dollar bribe by him. Appellant was not shown to have been under arrest at the time this evidence was adduced, nor did his counsel object to its admissibility upon the grounds that the appellant was under arrest. The objections taken are without merit. No error is shown in the action of the trial court in overruling them. It has always been held admissible to show a tampering with the witness for the state by the defendant as a circumstance tending to show his guilt. Branch's Ann.Penal Code, Vol. 1, 2d Ed., Sec. 184, page 191; also, see: Heard v. State, 116 Tex.Cr.R. 328, 31 S.W. 2d 435; Jackson v. State, 143 Tex.Cr.R. 143, 157 S.W.2d 921; and Steele v. State, 147 Tex.Cr.R. 481, 182 S.W.2d 496.

Appellant's other exceptions have been examined closely and are without merit.

No brief has been filed by appellant.

Finding no reversible error, the judgment is affirmed.