

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 24, 1964

Mrs. Marie Hudson
Firemen's Pension Commissioner
Austin, Texas

Opinion No. C- 248

Re:  Whether a paid fireman
in a part-paid and part-
volunteer department may
start participating in
the Pension System after
he has served several
years in the department
and has refused to parti-

Dear Mrs. Hudson:　cipate.

　　　In your letter requesting an opinion from this office,
you submit certain facts which we quote as follows:

　　　"The Firemen's Pension Board of Harlingen,
Texas, has requested a ruling from this office
regarding Section 10A(1) of House Bill No. 35,
which became effective August 23, 1963.

　　　"Harlingen's Fire Department is composed
of some Volunteer Firemen and some fully-paid
Firemen.  Several of their paid Firemen who have
been in the Fire Department for a number of years
but have not participated in the Firemen's Pen-
sion System are now requesting permission to
start participating even though they are now
over 35 years of age and have had the oppor-
tunity to participate for several years.

　　　"It is the opinion of this office that a
Fireman who was active in the Fire Department
before August 23, 1963, but who had elected
not to participate in the Firemen's Pension
System has forfeited his right to participate
at this late date.  . . ."

　　　With regard to these facts, you ask a question which
we quote as follows:

-1202-

"May I have your official ruling on
whether or not a paid Fireman in a part-
paid and part-volunteer Department may
start participating in the Pension System
after he has served several years in the
Department and has refused to participate."

Acts, 55th Leg., 1957, Ch. 275, p. 617 (H.B. 68)
became effective May 22, 1957.  House Bill 68 amended Section
10 of Article 6243e, Vernon's Civil Statutes, known as the
Firemen's Relief and Pension Fund Act.  The pertinent provi-
sions are as follows:

"Sec. 10.  Each city or town in which a
Firemen's Relief and Retirement Fund has been
created prior to the time at which this amending
section of this Act takes effect and which has
a part-paid or volunteer fire department, or the
governing body of such city or town, shall hence-
forth be authorized to deduct from the salary or
compensation of each fireman who is participating
in such Fund when this amending section takes
effect, or to collect from each such fireman,
whatever amount shall have been authorized, or
agreed to, by the filing by such fireman, with
the Secretary-Treasurers of the Board of Fire-
men's Relief and Retirement Fund Trustees of
such fireman's city or town, of a statement in
writing under oath that he desires to participate
in the benefits from such Fund,. . .and authorizing
said city or town or the governing body thereof
to deduct not less than one (1) per centum nor
more than three (3) per centum, . . . Such money
so deducted from salaries or compensation or
agreed to be paid to become and form a part of
the Fund herein designated and established as
Firemen's Relief and Retirement Fund of that
city or town.  _Failure or refusal to make and_
_file the statement herein provided, or failure_
_or refusal to allow deduction from salary or_
_to pay the amount herein specified as herein_
_provided on the part of any member shall for-_
_feit his right to participate in any of the_
_benefits from said Firemen's Relief and Retire-_
_ment Fund.  If any such member shall elect not_
_to participate in such Fund, he shall not be_
_liable for any salary deduction nor to pay as_
_herein provided._"    (Emphasis added)

On April 13, 1964, you advised us by letter that:

". . .it has been the Departmental construction of Section 10 of the Firemen's Pension Law, as amended Acts 1957, 55th Legislature, that the phrase 'part-paid or volunteer department' means a fire department that has fully paid firemen and volunteer firemen in the same department."

Acts 58th Leg., 1963, Ch. 50, p. 79 (H.B. 35), amended Section 10A, Article 6243e, Vernon's Civil Statutes. The provisions of House Bill 35, 58th Legislature, 1963, most pertinent to our discussion are as follows:

"Section 1.  . . .

"Sec. 10A(a)  In all cities having fully paid firemen where Firemen's Relief and Retirement Funds now exist or shall be created under the provisions of this Act and having a population of less than one hundred and eighty-five thousand (185,000) inhabitants according to the preceding Federal Census, the city or the governing body of the city shall deduct an amount equal to no less than three per cent (3%) nor more than six per cent (6%) from the monthly salary or compensation of each participating member fireman. (Emphasis added)

" ı . . .

"'(i)  Each person who is an active member of a Firemen's Relief and Retirement Fund previously organized and existing under the laws of this State at the effective date of this amendment shall continue as a member of such Fund and he shall retain and be allowed credit for all service to which he was entitled in the Fund of which he was a member immediately prior to the effective date of this amendment.'

" ı . . .ı"

"Sec. 7.  All laws or parts of laws in conflict with the provisions of this Act are repealed to the extent of such conflict only."

The provisions of Section 10A(a) of House Bill 35 pertain to all cities of less than 185,000 population having fully-paid firemen. The City of Harlingen, according to the last preceding Federal Census had a population of less than 185,000.

Section 10A(1) is applicable to fully-paid firemen who were not active members of a "Fund" at the effective date of House Bill 35. Therefore, its provisions have no bearing on the question you ask. Also, we find no other provisions in House Bill 35 which would authorize a Harlingen fireman who has been in the Fire Department for a number of years but has not participated in the City's Firemen's Relief and Retirement Fund to now become eligible for participation in the "Fund."

It must be presumed that the Legislature in enacting House Bill 35 had knowledge of the provisions of Article 6243e, Vernon's Civil Statutes. St. Louis B&M Ry. Co. v. Marcofich, 221 S.W. 582 (Comm.App. 1920). In House Bill 35 the Legislature could have expressly authorized the participation of these firemen in a Fund but did not do so. It is our opinion that the provisions of Section 10 of Article 6243e, Vernon's Civil Statutes, which provide that the failure or refusal to participate forfeits the right to participate in any of the benefits from the Firemen's Relief and Retirement Fund are not in conflict with any of the provisions of House Bill 35 and must be given full force and effect.

On the basis of the clear and unambiguous language of Section 10 of Article 6243e, Vernon's Civil Statutes, it is our opinion that a fully paid fireman of a part-paid and part-volunteer department who has served several years in a department and has failed or refused to participate in the city's Firemen's Relief and Retirement Fund has forfeited his right to become a member and participate therein.

## S U M M A R Y

A fully-paid fireman of a part-paid and part-volunteer department who has served several years in a department and has failed or refused to participate in the city's Firemen's Relief and Retirement Fund has forfeited his right to become a member and participate therein.

Very truly yours,

WAGGONER CARR
Attorney General

By:

I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Cecil Rotsch
Norman Suarez
Robert Smith
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone