

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 9, 1968

Hon. Hugh C. Yantis, Jr.
Executive Director
Texas Water Quality Board
1108 Lavaca Street
Austin, Texas

Opinion No. M-186

Re: Under the Texas Water Quality
Act, whether the Texas Water
Quality Board may prescribe
fees to be charged for copies
of documents filed with the
Board, and adopt rules and
regulations authorizing the
distribution of free copies
of such documents to persons
affected by the proceedings
of the Board.

Dear Mr. Yantis:

You request our opinion as to the following questions:

    1.  May the Texas Water Quality Board, pursuant to
the rule-making powers in Section 8 and the pro-
visions of Section 10(c), Texas Water Quality
Act, prescribe the fees to be charged for copies
of maps, papers or documents filed with the Board?

    2.  If so, do these provisions give the Board authority
to adopt rules authorizing the distribution of free
copies of such maps, papers or documents to persons
affected by proceedings of the Board?

In answer to your first question, we observe that Section 8 of the
Texas Water Quality Act of 1967, Acts 60th Legislature, Regular Session,
1967, Chapter 313, page 745; (Art. 7621d-1, Vernon's Civil Statutes),
provides a broad rule-making provision which directs the Board to "adopt,
prescribe, promulgate and enforce rules and regulations reasonably re-
quired to effectuate the provisions of this Act. . ." In so doing, how-
ever, the Board is not authorized to adopt rules and regulations which

are contrary to other statutory directives.  1 Tex. Jur. 2d 656-7, Administrative Law, Sec. 11, and cases cited therein.  Therefore, your first question is answered in the affirmative.  However, these rules and regulations cannot be in conflict with the general fee statute, Article 3913, Vernon's Civil Statutes, hereinafter quoted in part.

In support of your second question, you state that the departmental construction of Section 10(c) of the Texas Water Quality Act is that the Board has been given the authority to prescribe fees for copies of materials in its files, and that the change in language in the new section is deemed sufficient authority to remove any doubts concerning the Board's power to define situations wherein no fees would be charged for copies.  Section 10(c) reads as follows:

> "Subject to the limitations imposed in Section 21, upon application of any person and upon payment of the fees, if any, prescribed therefor in the rules and regulations of the Board, the Board shall furnish copies, certified or otherwise, of its proceedings or other official acts of record, or of any map, paper, or document filed with the Board.  Certified copies under the hand of the Chairman or the Executive Director and the seal of the Board shall be admissible in evidence in any court or administrative proceedings in the same manner and with like effects as the original would be."  (Emphasis added.)

The general fee statute for officers of the State and heads of State Departments is Article 3913, Vernon's Civil Statutes.  It provides, in part, that:

> "Each officer named above and all other officers of the state and heads of state departments shall cause to be collected the following fees for the services mentioned, except as otherwise provided by law:  (Emphasis added.)
>
> ". . ."

(Herein follows an enumeration of certain fees to be collected.)

You also suggest in your letter that under the old provision which was Section 3(k) of the Texas Water Pollution Control Act, your agency deemed itself to be bound by Article 3913, but that now, the inclusion of "if any" in Section 10(c) of the Texas Water Quality Act brings your agency within the "except as otherwise provided by law" exception to Article 3913.  We do not believe that there is any merit in this contention.

Article 3913 is a specific statute relating to fees to be charged by certain officers "and all other officers of the state and heads of state departments". In order for us to hold that you are exempt from this law, we must first conclude that Section 10(c) constitutes a specific exemption. This we are unable to do.

The fact that an act contains one or more exceptions discloses an intention on the part of the Legislature that there should be no other exception, and that the act should apply in all cases not excepted. 53 Tex. Jur. 2d 209, Statutes, Sec. 143, and cases cited therein. Article 3913 contains an exception which allows other state officers and agencies to receive free copies, but said article requires a fee to be collected for copies to all others.

Justice Walker, speaking for the Supreme Court of Texas in 1962, stated:

"A statute may be repealed expressly or by implication. Where a later enactment is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. Repeals by implication are not favored, however, and laws relating to the same subject should be considered as though incorporated in the same act. If they can be harmonized and effect given to each when so considered, there is no repeal by implication". (Emphasis added.) Gordon v. Lake, 163 Tex. 392, 356 S.W.2d 138 (1962).

Therefore, in the absence of an express repeal by statute and where there is no positive repugnance between the provisions of the old and new statutes, the old and new statutes must each be harmonized and construed so as to give effect, if possible, to both statutes. Winterman v. McDonald, 129 Tex. 275, 102 S.W.2d 167 (1937).

Certainly in this instance, both Article 3913 and Sec. 10(c) of Art. 7621d-1 can be construed in harmony with one another. It appears that inclusion of the words "if any" in Section 10(c) refers to and constitutes an affirmance of the legislative intention set forth in Article 3913. This intent would evidence that the statute means that in some circumstances (i.e. other state officers), a fee will not be charged, but in all other instances, fees are required to be collected. Such a construction is in keeping with the time-honored rule that repeals by implication are not favored. St. Louis, B & M Ry. v. Marcafich, 221 S.W. 582 (Tex. Comm. App. 1920); Winterman v. McDonald, supra; Grimmett v. State, 163 Tex. Crim. 148, 292 S.W.2d 633 (1956); and International Service Insurance Company v. Jackson, 335 S.W.2d 420 (Tex. Civ. App. 1960, error ref. n.r.e.).

Therefore, you are advised that the Texas Water Quality Board may adopt rules and regulations relating to the collection of fees, insofar as said rules and regulations are consistent with Article 3913. Section 10(c) is not an exception to Article 3913 and does not authorize the Texas Water Quality Board, by rules and regulations, to distribute free copies of maps, papers or documents contrary to Article 3913. See also Article III, Section 52, Constitution of Texas.

## SUMMARY

The Texas Water Quality Board may adopt rules and regulations relating to the collection of fees insofar as same are consistent with Article 3913, V.C.S. The Texas Water Quality Act does not authorize the Board, by rules and regulations, to distribute free copies of maps, papers or documents contrary to Article 3913.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Fred E. Davis
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
R. D. Green, III
James Quick
Jack Sparks

STAFF LEGAL ASSISTANT
A. J. Carubbi