Marion Alexander CHANEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 46048.

Court of Criminal Appeals of Texas.

May 23, 1973.

Jim Ahlstrand, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an out-of-time appeal taken from a conviction for sale of a dangerous drug, to-wit: an amphetamine. After returning a verdict of guilty, the jury found that prior to the commission of the primary offense appellant had twice been convicted of a felony less than capital as charged in the indictment.[1] Punishment was assessed at life under the mandatory provisions of Article 63, Vernon's Ann.P.C.

Appellant contends that the State failed to establish that he was the person previously convicted in the two prior causes used for enhancement. Prior convictions alleged in the indictment for enhancement were Cause No. 2696, in Ector County on June 17, 1959, for forgery and Cause No. 8712–A, in Taylor County on October 3, 1957, for burglary. The Honorable Richard Price, a practicing attorney in Abilene, testified that he was District Attorney of the 104th Judicial District on March 29, 1968, and that he heard the appellant testify in the District Court of Jones County on said date. The following testimony was elicited from Price with regard to appellant's testimony in the Jones County case concerning Cause No. 2696:

"Mr. Paynter: Q Now, Mr. Price, did he also, the defendant, Marion Alexan-

---

1. We note that after the trial court ordered an out-of-time appeal, the State filed a motion for entry of nunc pro tunc judgment which alleged that appellant made no election to have the jury assess his punishment, and that under Article 37.07, Vernon's Ann.C.C.P., it was the duty of the court to assess such punishment. Pursuant to such motion, hearing was had and judgment entered which reflects that appellant elected to have the court affix punishment, and that the court found that appellant had been previously convicted of the two prior felony offenses less than capital as set forth in the indictment. A correction can be made to reflect what actually occurred at trial by entry of nunc pro tunc judgment, but correction can be only as to what was done and not as to what should have been done. Article 42.06, V.A.C.C.P.; Ex parte Patterson, 139 Tex.Cr.R. 489, 141 S.W.2d 319. Thus, the trial court was not authorized to enter the nunc pro tunc judgment in the instant case.

Further, it should be noted that in Dickson v. State, Tex.Cr.App., 492 S.W.2d 267, where defendant made no request that the jury assess punishment in accordance with Article 37.07, V.A.C.C.P., and punishment was assessed by the jury, this Court held reversal was not required in view of the defendant's failure to timely object to such procedure in the trial court.

der Chaney, Jr., testify concerning Case No. 2696, a case styled The State of Texas vs. Marion A. Chaney, Jr., out of the 70th Judicial District Court of Ector County, Texas?

"The Witness: A I do not remember the number, but he did testify as to a cause similar to that. I don't recall the number of the case.

"Q Did he testify that he was one and the same person convicted in that case?

"A Yes, he did.

"Q Did he testify further that that case occurred after he had been released from the penitentiary on Cause No. 8712–A, out of the 42nd District Court?

"A He did so testify."

The State then offered into evidence "State's Exhibits 4 and 5 certified and exemplified copies in Case No. 2696: the State of Texas vs. Marion A. Chaney, Jr., out of the 70th Judicial District Court of Ector County, Texas; and also properly exemplified prison records in that cause." State's exhibits 4 and 5 were admitted into evidence over appellant's objection.

■ Voluntary admissions of a party in one judicial proceeding are admissible against him in other judicial proceedings to which he may be a party. Beard v. State, Tex.Cr.App., 481 S.W.2d 875; Wingate v. State, Tex.Cr.App., 365 S.W.2d 169. Former District Attorney Price's testimony relative to having heard appellant testify in the District Court of Jones County on March 29, 1968, regarding a prior conviction in Ector County, does not reflect whether appellant was a party or a witness in the Jones County proceeding. The testimony of Price concerning appellant's admission during the Jones County trial does not reflect the number of the cause, the date of conviction, or the offense for which appellant was convicted in the Ector County proceeding. All Price remembered was that appellant testified to a similar numbered case, that he was the same person convicted in that case, and that the offense occurred after he had been released from the penitentiary in Cause No. 8712–A. We find such testimony insufficient to prove that appellant was one and the same person who had been convicted in Cause No. 2696, in Ector County. See Huston v. State, 126 Tex.Cr.R. 355, 71 S.W.2d 876; Garza v. State, 159 Tex.Cr.R. 234, 262 S.W.2d 722; Grimmett v. State, 163 Tex.Cr.R. 148, 292 S.W.2d 633. While fingerprints were included in the prison records admitted into evidence, there is no evidence that they are the same as appellant's. The introduction of the indictment, judgment and sentence in the prior conviction is not sufficient to sustain the State's burden of proof. Proof must be offered to show the accused is the same person previously convicted. Howard v. State, Tex. Cr.App., 453 S.W.2d 150 (concurring opinion).

■ We find it unnecessary to determine whether the State discharged its burden in proving that appellant is the same person previously convicted for burglary in Cause No. 8712–A, in Taylor County on October 3, 1957, since burglary and sale of a dangerous drug are not like or similar offenses so as to sustain a conviction for a subsequent offense of the same nature under the provisions of Article 62, V.A.P.C.

The failure of the State to sustain its burden in proving that appellant was one and the same person who had been convicted in Cause No. 2696 in Ector County alleged in the indictment for purposes of enhancement requires reversal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.