Petition for Writ of Mandamus
Denied and Memorandum Opinion filed December 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00922-CR

____________

 

IN RE CHARLES LEE GRABLE, Relator

 

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On October 26, 2009, relator, Charles Lee Grable, filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann. §
22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition, relator
complains of the January 3, 2008 order denying his motion for judgment nunc pro
tunc by the Honorable Mary Lou Keel, presiding judge of 232nd District Court of
Harris County.  Relator requests that we compel Judge Keel to grant his motion
for judgment nunc pro tunc.  

            As
an initial matter, relator’s petition does not comply with the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 20.1, 52.7(a)(1). 
Notwithstanding these deficiencies, relator has not shown that he is entitled
to mandamus relief.  

            On
April 3, 1998, the trial court entered an order deferring adjudication of guilt
for indecency with a child and assessed punishment at five year’s probation on
relator’s plea of guilty.  The order states that there was “No Agreed
Recommendation.”  Subsequently, on July 24, 1998, relator’s guilt was
adjudicated and punishment was assessed at 16 years’ confinement in the Texas
Department of Criminal Justice, Institutional Division.  See Grable v. State,
No. 14-02-00335-CR, 2002 WL 1000398 (Tex. App.—Houston [14th Dist.] May 16,
2002, no pet.).  

            Relator
asserts “[t]he record reflects that the trial judge inadvertently recorded the
wrong terms of the plea arrangement in the judgment, and has now declined to
correct the record ‘nunc pro tunc.’”  Relator claims that he “entered into a
negotiated plea in which the prosecution had threatened additional charges
against [him] and [his] wife as response for [relator’s] going to trial,” but,
instead, the judgment incorrectly documents that he entered into an open plea
with no agreed recommendation.  On January 3, 2008, the trial court denied
relator’s “motion for nunc pro tunc for judgment amendment.”  

            “The
purpose of a nunc pro tunc order is to correctly reflect from the records of
the court a judgment actually made by it, but which for some reason was not
entered of record at the proper time.”  Alvarez v. State, 605 S.W.2d
615, 617 (Tex. Crim. App. 1980).  Before a judgment nunc pro tunc may be
entered, there must be proof that the proposed judgment was actually rendered
or pronounced at an earlier time.  Wilson v. State, 677 S.W.2d 518, 521
(Tex. Crim. App. 1984).  “‘A correction can be made to reflect what actually
occurred at trial by entry of nunc pro tunc judgment, but correction can be
only as to what was done and not as to what should have been done.’”  Ex
parte Dopps, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) (quoting Chaney
v. State, 494 S.W.2d 813, 814 n.1 (Tex. Crim. App. 1973)).

            Included
in relator’s unsworn record is a September 22, 2000 affidavit of Dick DeGuerin,
the attorney who presented relator, and the letter DeGuerin wrote relator on
January 14, 2008, setting forth his discussions with the prosecutor and the
trial court.  Relator also includes a copy of the State’s response to relator’s
application for writ of habeas corpus and the trial court’s February 1, 1999
findings of fact and order in that habeas proceeding which reference a plea
agreement.

            The documents relator attaches to his petition do not
demonstrate that the trial court rendered or pronounced a prior judgment that
reflects a plea agreement with the State as required to be entitled to a
judgment nunc pro tunc.  

            Relator has not established that he is entitled to mandamus
relief.  Accordingly, we deny relator’s petition for writ of mandamus. 

 

                                                                        PER
CURIAM

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.

Do Not
Publish—Tex. R. App. P. 47.2(b).