**James Franklin BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47631.**

Court of Criminal Appeals of Texas.

March 6, 1974.

Doyle Keith Woodley, Comanche, for appellant.

Ernest Cadenhead, Co. Atty., Brownwood, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated assault upon a peace officer. The jury assessed the punishment at twelve months in jail.

Officers received a call to go to an address in Brownwood where a man was intoxicated. When Officer Jackie Reynolds arrived, he saw the appellant seated in a pickup truck and asked him to get out. According to the State's testimony, appellant got out and hit Reynolds a glancing blow.

Ronda Carlton, appellant's daughter and a defense witness, testified that she had her grandmother call the officers and report that a drunk man was at the house.

The controlling question arises on the question of the introduction of an indictment, judgment and sentence for the offense of burglary at the penalty stage of

the trial over the objection that he was not shown to have been the person so convicted.

The only evidence about this prior conviction was the testimony of the sheriff of Brown County that James F. Baker and Clinton David Funderburg were indicted at the June Term in 1961. The burglary case was tried in a district court in 1962; the present case was tried in a county court. The evidence is insufficient to show that the appellant was the same person as the one previously indicted or convicted. The court erred in admitting evidence of the prior indictment and conviction which was harmful to appellant. See Chaney v. State, Tex.Cr.App., 494 S.W.2d 813, and 1 Branch's Ann.P.C., Section 699.

For such error, the judgment is reversed and the cause is remanded.