Ardis Roy **MELTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48098.

Court of Criminal Appeals of Texas.

April 17, 1974.

105

Pat McDowell, Dallas, (On appeal only), for appellant.

Henry Wade, Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Conviction is for assault with intent to murder with malice; the punishment, 25 years.

The sufficiency of the evidence is not challenged.

Ground of error number one urges that the trial court was not shown to be authorized to preside. Judge Louis T. Holland presided at this trial in lieu of Judge R. T. Scales, the regular judge of the court. We have only recently noted that Judge Holland is a qualified retired District Judge. Kincaid v. State, Tex.Cr. App., 500 S.W.2d 487. In Peach v. State, Tex.Cr.App., 498 S.W.2d 192, we held:

"The Court of Criminal Appeals will take judicial notice of the fact that the judge who presided at the trial of the accused was retired on a certain date and had timely filed his election to continue in a judicial capacity. Buchanan v. State, 471 S.W.2d 401 (Tex.Cr.App. 1971). And such judge is a 'district judge' within the rule that no formal order need be entered for a judge of one district court to preside over a case in place of a duly elected judge and no formal order is required for him to preside. Buchanan v. State, supra."

No error is shown.

Ground of error number two alleges that the trial court erred in refusing to grant a mistrial when a police officer testified that he got a mug shot of the appellant from another agency. This information was contained in an unresponsive answer and an instruction to disregard the same will normally cure the error. Haggerty v. State, Tex.Cr.App., 491 S.W.2d 916. The appellant having combined his motion to disregard with a motion for mistrial, failed to obtain a separate ruling from the trial court on the motion to disregard. No reversible error is shown. Haggerty v. State, supra.

Ground of error number three complains of the refusal of the trial court to grant a mistrial when the witness Gossett testified as to some bad checks appellant had given him. Appellant on direct examination testified about Gossett coming to his apartment to see about some checks he had gotten back from the bank marked insufficient funds. Admission of improper evidence is not reversible error if the same facts are proven by other testimony, as where defendant voluntarily gives testimony substantially the same as that testimony improperly admitted. 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 446; Carew v. State, Tex.Cr.App., 471 S.W.2d 860.

Ground of error number four complains that the State was allowed to ask the appellant if he knew he could be arrested for illegally carrying a pistol. Appellant's objection was "Object to that. Nothing to do whatsoever with this offense." The appellant had just testified that he carried the pistol downstairs in the apartment complex. The question was proper. The area into which the appellant admittedly carried the pistol was a public place. Bryant v. State, Tex.Cr.App., 508 S.W.2d 103, (this day decided).

Ground of error number five complains of a display of the pistol before the jury. At the time this occurred no objection was interposed, and nothing is presented for review.

Ground of error number six urges that the trial court should have granted the appellant's pro se motion for continuance filed on the day of the trial. The motion alleges in substance that the appellant's court appointed counsel was not prepared for trial. There is no evidence in the record to support the allegations of the motion. The court qualified the bill by stating that the appellant's attorney made "no complaint with reference to the lack of time in which to prepare for trial." The trial court did not abuse his discretion in overruling appellant's pro se motion for continuance.

Ground of error number seven urges that the State failed to disprove an exculpatory confession of appellant introduced by the State. We note first that no charge on exculpatory statements was requested. We next note that the alleged exculpatory statement was not relied upon for a conviction. It arose during the State's examination of a rebuttal witness. See Otts v. State, 135 Tex.Cr.R. 28, 116 S.W.2d 1084; and Weedon v. State, Tex.Cr.App., 501 S.W.2d 336.

We find other evidence which refutes the alleged exculpatory statement. In Vaughns v. State, 172 Tex.Cr.R. 465, 358 S.W.2d 133, we held that where an accused testified before the jury in accordance with such exculpatory statement (as did appellant in the case at bar) and his defensive theory is fairly submitted to the jury, the general rule as to exculpatory statements has no application.

Ground of error number eight complains of the court's failure to instruct the jury on the law of aggravated assault. No objections were made to the court's charge and nothing is presented for review.

Finding no reversible error, the judgment is affirmed.