**John Frank DELGADILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48250.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Fredrick J. Griffin, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Rusty Busby, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of the felony offense of driving upon a public street while intoxicated. Punishment was assessed at two years' confinement.

Only one ground of error is urged on appeal and it relates to the prosecutor's action in placing upon his table an ice-pick in view of the jury during the trial when such instrument was never introduced into evidence.

During a recess outside the presence of the jury, defense counsel apparently noticed the ice-pick, and then the following colloquy occurred:

"DEFENSE COUNSEL: I would like at this time to make a motion for mistrial based on the fact that all during this trial the prosecution has had an ice pick setting on the table and I was under the impression that they intended to use it in evidence and think probably the jury has. The State didn't comment on it and they have rested.

There has been no introduction of this ice pick into evidence and there is no showing of a possibility of linking it to this particular situation and under certain circumstances an ice pick can be a very dangerous weapon and I think to exhibit this in front of a jury is error, if they have no intention of showing this to the court and jury.

"PROSECUTOR: The State had no intention of exhibiting it, Your Honor. The ice pick is and has been on my table. I will be glad to remove it if it's offensive in any way. It doesn't have any hidden meaning whatsoever.

"THE COURT: How long has the ice pick been on the table?

"DEFENSE COUNSEL: Your Honor, it has been here since the beginning of the trial. They brought it down with the—

"THE COURT: Well, I was asking the State's Attorney.

"PROSECUTOR: Yes, it's been here since the beginning of the trial.

"THE COURT: All right, put it up. I will deny your motion for mistrial.

What is the purpose of the ice pick?

"PROSECUTOR: The ice pick was taken from the defendant's car at the time the arrest was made. I had it here. I thought possibly some time during the course of the trial it might be admissible. I don't really see that it has any relevancy.

Really, it was brought down with the bottle of whiskey by the police officer and handed to me. He said he took it out of his car and I made the statement to the police officer that it had no relevancy.

"THE COURT: All right. Well, conceal the ice pick. I will deny your motion for a mistrial.

Bring the jury back in."

At this point in the trial, the State had rested its case, and cross-examination of a defense witness was taking place. Further, we have read the entire record and find no reference by either side to this ice-pick or its presence in the courtroom. Although it is quite likely that it was viewed by some of the jurors, there is nothing in the record to support such an assumption. None of the jurors were called to testify on this matter.

The appellant's complaint was made outside the presence of the jury, so they were not informed of it then either. Also, the appellant never actually voiced an *objection* to the instrument, but, instead, made only a motion for mistrial, late into the trial. See Melton v. State, Tex.Cr.App., 508 S.W.2d 104 (delivered April 17, 1974). No instruction for the jury to disregard was sought. The trial judge ordered the object removed as soon as it was brought to his attention.

We do not intend to imply that we condone a prosecutor displaying potentially prejudicial objects before the jury, knowing full well they will not be introduced. However, the record in this cause reflects no bad faith on the part of the prosecutor. Apparently, the ice-pick was retrieved from the appellant's automobile upon his arrest, along with a whiskey bottle. The presence of the bottle was brought to the jury's attention, as was the fact that the appellant fought with the arresting officers. No mention was made of any weapon being used during the scuffle, however.

We cannot conclude that the presence of the ice-pick, without any showing of prejudice or harm, constitutes reversible error.

The judgment is affirmed.