Norman Cecil DONOVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50282.

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

David H. Berg and Paul E. Licata, Houston, for appellant.

Oliver S. Kitzman, Dist. Atty., Hempstead, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ON APPELLANT'S MOTION TO
REINSTATE THE APPEAL

MORRISON, Judge.

The offense is burglary with two prior felony convictions alleged for enhancement; the punishment, life.

In a per curiam opinion delivered June 4, 1975, this appeal was abated because there was nothing in the record to indicate compliance with Article 40.09, Sec. 7, V.A.C.C.P. The record, as supplemented, now shows that the defect has been cured, and the appeal is reinstated.

We are met at the outset with a challenge to the sufficiency of the evidence. The Hruska store in the town of Ellinger was broken into at 3:30 in the morning. Mr. Hruska was alerted by a burglar alarm and called the sheriff and a neighbor. He did not see the burglar. His neighbor, Cernoch, looked out his window and saw someone fleeing from the store. When asked if the appellant was the man he saw leaving the store, he repeatedly answered: "Well, he sure favors him. I can't prove it was him, but it favors him." Cernoch was certain that the burglar was wearing a coat. When the officers arrived, they discovered an automobile, apparently abandoned, in the general vicinity of the store, and found a rental slip showing that it had been rented to a Norman Cecil Donovan or Honovan. Officer Koopman "run a check" by radio, "and it came back to Norman Cecil Donovan, and it gave a full description of him and his address in Galveston." Dellman Tarver, appellant's cousin, testified that he saw appellant in La Grange in November of 1972, that appellant told him he was on his way to Galveston and his automobile had broken down and asked Tarver to take him

10 or 15 miles to Ellinger. Tarver said that he drove the appellant, who was wearing a coat, to Ellinger, but found no automobile and he and appellant were arrested.

No fingerprints were taken, and no property taken in the burglary was found in appellant's possession.

Appellant did not testify or offer any evidence in his behalf.

 In order to sustain a conviction based upon circumstantial evidence, there must be proof to a degree of certainty greater than a mere probability or suspicion, tending to establish that the party charged was the person who committed the offense. *Resendez v. State,* Tex.Cr.App., 495 S.W.2d 934; *Caudillo v. State,* 167 Tex. Cr.R. 147, 318 S.W.2d 891. The fact that appellant broke jail prior to the instant trial may have caused the jury to convict, but does not meet the quantum of proof required by law.

Further, if there was any evidence introduced to show that appellant was the same man convicted in the prior cases alleged for enhancement, we have been unable to find it in the record. See *Baker v. State,* Tex. Cr.App., 505 S.W.2d 869; *Chaney v. State,* Tex.Cr.App., 494 S.W.2d 813.

We have concluded that the evidence outlined above is totally insufficient to support the jury's verdict of guilty of burglary or the court's finding that he was the person who had been convicted in the priors.

The judgment is reversed and the cause remanded.