Richard C. DEXTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52330.

Court of Criminal Appeals of Texas.

Dec. 22, 1976.

Gerald H. Goldstein and Cheryl L. Wilson, San Antonio, for appellant.

Ted Butler, Dist. Atty., Keith W. Burris, Edward C. Prado, Nelson M. Atwell and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for commercial obscenity (exhibiting an obscene motion picture), a Class B misdemeanor. V.T.C.A., Penal Code Sec. 43.23. Punishment was assessed by the court at ninety days' imprisonment and a seven hundred fifty dollar fine.

In view of the reversal required, we will only consider that ground of error in which appellant contends that the trial court erred in refusing to grant his motion for mistrial based on the action of the prosecuting attorney. The motion for mistrial was made after a file cabinet labeled "organized crime" was placed in full view of the jury.

The facts surrounding this error may be summarized as follows. During the selection of the jury, the prosecutor asserted that the State would prove a "syndicate" located in Memphis, Tennessee, owned and operated the theatre where the film was shown.

The appellant secured from the court an order forbidding the prosecution from making reference to "syndicate," "organized crime," or "mafia."

Shortly after the trial started, a file cabinet was brought into the courtroom. One side of this cabinet displayed a 5½″ × 8½″ white sign on which were written in prominent red letters the words "organized crime." The filing cabinet was placed between the prosecutor's table and the jury. The side of the cabinet bearing the sign faced the jurors as they entered the jury box.

The appellant, outside of the presence of the jury, made a motion for mistrial. This motion was denied by the court. In order to preserve error, the appellant's counsel entered testimony and exhibits into the record.

The appellant's counsel stated that he saw the jurors "craning their necks" to see the sign on the filing cabinet and that the jurors had seen the sign. Counsel also introduced into the record the sign with the red lettering on it and a diagram showing the proximity of the filing cabinet to the jurors. The State made no objection to the testimony or the exhibits introduced into the record by the appellant.

The prosecuting attorney also testified outside the presence of the jury. He stated that the cabinet contained the files of appellant's case and some other cases. He also said that the cabinet belonged to the Organized Crime Section of the District Attorney's office.

The trial continued after the judge denied appellant's renewed motion for mistrial and ordered the sign on the file cabinet removed from the courtroom. During the jury argument, the prosecutor again attempted to connect the appellant with "organized crime." [1]

The State contends that the appellant's motion for mistrial is not sufficient to preserve error for our view, citing Delgadillo v. State, Tex.Cr.App., 508 S.W.2d 383.

The defendant in that case was on trial for driving while intoxicated. During the trial an ice pick was placed on the prosecutor's table. No reference was made to the ice pick during the proceedings, and there was nothing in the record of that case to establish that the jury had seen the instrument.

In affirming the conviction in Delgadillo, supra, we stated:

---

1. The appellant also raises grounds of error on those matters which we need not discuss.

"Also, the appellant never actually voiced an *objection* to the instrument, but, instead, made only a motion for mistrial, late into the trial. See *Melton v. State,* Tex.Cr.App., 508 S.W.2d 104." 508 S.W.2d at 384.

The case at bar is distinguishable from the decision in *Delgadillo,* supra. A motion requesting the court to instruct the jury to disregard the sign on the file cabinet would not have cured the injury. The motion for mistrial, and the adverse ruling obtained thereon, was sufficient to preserve error for our review in this case.

In *Delgadillo,* supra, we also stated:

"We do not intend to imply that we condone a prosecutor displaying potentially prejudicial objects before the jury, knowing full well they will not be introduced. However, the record in this cause reflects no bad faith on the part of the prosecutor." 508 S.W.2d at 384.

The record in the case at bar does not lead us to the same conclusion as that reached in *Delgadillo,* supra. The prosecutor, in direct contravention of the express order of the court, attempted to connect the appellant with "organized crime" throughout the course of the trial.

We have often stated that an individual should only be convicted upon evidence that demonstrates he is guilty of the offense charged and not through an attempt to arouse prejudice in the minds of the jurors. *Koller v. State,* Tex.Cr.App., 518 S.W.2d 373. We have also held that an accused is entitled to "at least one *tolerably fair trial.*" *Brown v. State,* 168 Tex.Cr.R. 67, 323 S.W.2d 954, 957.

The conduct of the prosecuting attorney in the case at bar prevented the appellant from receiving a fair and impartial trial.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (concurring).

I concur in the result. The statements of attorneys of what the jurors saw is not evidence.