**Jesse Frank MONTOYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00010–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 4, 1981.

Peggy Y. Butler, San Antonio, for appellant.

Bill M. White, Dist. Atty., Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before CANTU, ESQUIVEL and BUTTS, JJ.

OPINION

CANTU, Justice.

Appellant was convicted by a jury of burglary of a habitation. The indictment alleged two prior convictions for enhancement. Punishment was assessed by the trial court at a term of mandatory life imprisonment upon a finding that the enhancement counts were true. This appeal follows.

The sufficiency of the evidence is challenged, necessitating a recitation of the facts.

On September 16, 1977, between the hours of 9:30 A.M. and 11:30 A.M., the residence of Mr. and Mrs. Harvey Dapeer, 14018 Syracuse, San Antonio, Texas, was broken into and ransacked. Numerous items were taken including a color console T.V., a stereo set, two tool boxes, camera equipment and other property of a personal nature.

Two witnesses, neither of whom was called to testify at trial, provided the investigating officer with information regarding suspects seen in the area and described three Latin-American males wearing painter's clothing and driving an old model faded blue Chrysler automobile. This information was broadcast over the air.

At approximately 11:00 A.M., appellant, driving a 1972 model, faded Chrysler containing two other Latin-American males wearing painter's uniforms was stopped by San Antonio police officer Sidney Billings, while on routine patrol, for numerous traffic violations approximately two miles from the site of the burglary.

Billings requested appellant's driver's license which appellant could not produce. In fact, appellant could produce no identification at all.

The other two subjects in the vehicle got out and began to walk away from the scene but were asked by Billings to return.

While in the process of issuing traffic citations to appellant, Billings inquired about the property clearly visible in the back seat and trunk of the car. The open

trunk contained what appeared to be a large console T.V.

Appellant disclaimed any ownership in the property but indicated that he was helping someone move. Appellant was unable to give the name of the subject he was moving nor could he state from where or to where the property was being moved.

A routine license check was requested by Billings and it was discovered that the license plates on the vehicle were not assigned to the vehicle. The correct set of plates was found in the car. A backup officer was requested and two officers and three detectives arrived at the scene.

Detective Abel Hernandez learned that one of the other suspects was claiming ownership of the property. This suspect claimed to be moving and agreed to show the officers from where the property was being moved. The suspect directed the officers to the Dapeer residence where a police officer was already in the process of investigating the burglary.

All three suspects, including appellant, were charged with burglary of a habitation.

The complainant, Harvey Dapeer, positively identified the property in the possession of appellant as coming from his residence and having been taken without his consent. Among the items of property recovered was Mr. Dapeer's personal military dog tags.

The State relied upon circumstantial evidence for conviction and an appropriate jury charge was given.

Appellant argues that the only proof tending to connect him with the burglary is proof of possession of property recently stolen from a burglarized house. This, he asserts, is insufficient to sustain his conviction. We disagree and overrule this ground of error.

■ In determining whether circumstantial evidence is sufficient to support a conviction each case must necessarily be tested by its own facts. *Ysasaga v. State*, 444 S.W.2d 305 (Tex.Cr.App.1969).

■ It is not necessary that every fact point independently and directly to appellant's guilt; it is enough if a conclusion of guilt is warranted by the combined and cumulative force of all the incriminative circumstances. *Bonds v. State*, 573 S.W.2d 528 (Tex.Cr.App.1978).

■ While unexplained possession of recently stolen property is a circumstance tending to show guilt, it is not conclusive. To be sufficient, the circumstances relied upon must not only be consistent with each other and with the guilt of the accused, but must exclude every other reasonable hypothesis except the guilt of the accused. *Ellard v. State*, 509 S.W.2d 622 (Tex.Cr.App.1974). The facts in the case before us are such that the jury could have reasonably concluded that appellant was guilty as a party to the crime. The jury had evidence that a burglary had occurred on September 16, 1977, at the Dapeer's residence between 9:30 A.M. and 11:00 A.M. Certain identifiable property had been taken. Three Latin-American males in painter's clothes in an old model, faded blue Chrysler had been observed in the area. A '72 model, faded Chrysler occupied by three Latin-American males in painter's clothes was stopped around 11:00 A.M. approximately two (2) miles from the Dapeer home for traffic violations. Appellant was driving the automobile which was filled with property later identified as that belonging to the Dapeers.

■ In a circumstantial evidence case, there must be proof to a degree of certainty greater than a mere probability or suspicion tending to establish that the party charged was the person who committed the offense. *Donovan v. State*, 539 S.W.2d 884 (Tex.Cr.App.1975). Proof amounting only to a strong suspicion or a mere probability of guilt is insufficient. *Young v. State*, 544 S.W.2d 421 (Tex.Cr.App.1976); *Randolph v. State*, 505 S.W.2d 845 (Tex.Cr.App.1974).

■ Evidence that a house has been burglarized, together with appellant's unexplained possession of some of the property recently stolen from the house, is sufficient

to support a conviction for burglary. *Hardage v. State*, 552 S.W.2d 837 (Tex.Cr.App. 1977); *Hall v. State*, 490 S.W.2d 589 (Tex. Cr.App.1973).

█ Viewing the evidence as a whole and in the light most favorable to the jury's verdict, we conclude that the circumstances exclude every reasonable hypothesis except that of appellant's guilt, and that the proof is sufficient to support the verdict. *Cf. Adams v. State*, 552 S.W.2d 812 (Tex.Cr. App.1977) [where the court of criminal appeals held that the record must demonstrate that appellant's explanation for possessing stolen property is either false or unreasonable to support the conviction].

Appellant further complains of evidence which was admitted at trial concerning the conversation between himself and Officer Billings after being stopped for traffic violations. Specifically, appellant complains of the questioning regarding the property in the car and the responses he made.

Appellant claims he was under arrest at the time and unwarned, thus any statements made by him concerning the property were inadmissible at trial. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Tex.Code Crim.Pro.Ann. art. 38.22.

If the statement is disregarded, appellant argues that the evidence only established mere possession which he claims is insufficient to sustain the conviction.

The evidence discloses that Billings was detaining appellant only long enough to issue traffic citations for improper lane change, improper turning, and failure to signal. No intention to arrest was ever evidenced by the officer until certain events disclosed foul play.

█ A temporary detention is justified if the law enforcement officer has specific, articulable facts, when in light of his experience and general knowledge, together with rational inferences from those facts would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968);

*Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App. 1976); *Hernandez v. State*, 523 S.W.2d 410 (Tex.Cr.App.1975).

█ Failure to provide a driver's license, failure to provide identification, and incorrect license plates on the vehicle, together with statements made by appellant's companion regarding ownership of the property provided Billings with specific articulable facts to warrant further investigation and temporary detention. *Thompson v. State*, 533 S.W.2d 825 (Tex.Cr.App.1976); *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App.1970).

█ We recognize that it is not necessary to show a full custodial arrest prior to an interrogation in order to bring into operation the warning requirements of *Miranda*. *Newberry v. State*, 552 S.W.2d 457 (Tex.Cr.App.1977). While the statements elicited from appellant during detention for the traffic violations might have been unlawfully obtained, the admission of such evidence is subject to the harmless error beyond a reasonable doubt test. *Harper v. State*, 533 S.W.2d 776 (Tex.Cr.App.1976); *Hampton v. State*, 511 S.W.2d 1 (Tex.Cr. App.1974); *Bridger v. State*, 503 S.W.2d 801 (Tex.Cr.App.1974). To determine whether the admission of unlawfully obtained evidence is harmless error beyond a reasonable doubt, the court must consider the other evidence in the record. *Bridger v. State, supra.* The test for harmless constitutional error is not whether a conviction could have been had without the improperly admitted evidence, but whether there is a reasonable possibility that the evidence *complained of* might have contributed to the conviction of defendant. *Clemons v. State*, 605 S.W.2d 567 (Tex.Cr.App.1980).

█ In view of the testimony that appellant's companion made a conflicting statement regarding the stolen property which was as factually untrue as appellant's, we cannot conclude that the admission of appellant's responses were harmful.

We find, from a study of the record, that admitting the statement of appellant which was elicited before he was given the *Miranda* warning, was harmless error beyond a

reasonable doubt and that it did not contribute to the conviction of appellant.

In addition, we hold that appellant waived any complaint he might have had by failing to object to the proffered testimony at the very time it was offered.

The record reflects the following:

Q: All right Officer Billings, after you stopped these three men at Prue and Fredericksburg Road and after you noticed the property in the trunk and back seat of the vehicle, did you have a discussion with the defendant concerning ownership of the property in the car?

A: Yes.

Q: Did Mr. Montoya claim ownership of the property in the car?

A: No, sir, he didn't.

Q: Did you have a discussion with Mr. Montoya as to what he was doing with all that property in his car?

A: Yes, I did.

Q: Was an explanation offered as to what he was doing?

A: Yes, there was.

Q: What generally was the explanation offered by Mr. Montoya?

A: That he was helping a subject move.

Q: When you found this out from him, did you discuss with him further the person he was helping move, according to his statement? Did you discuss this?

A: Yes.

Q: Did you have a discussion with him as to who the person was he was helping move this property?

A: I did.

Q: Did you request from him information concerning the name of this individual?

A: Yes.

Q: Did he give a name of the individual he was helping move?

A: No.

Q: Did you discuss where the property was being moved to?

A: Yes.

Q: Did he give you an explanation of where he was moving the property to?

A: He said he didn't know.

Q: Did you discuss where he was moving the property from?

A: He said he didn't know.

■ Only after the numerous foregoing questions and answers did appellant voice an objection. We hold that appellant must object at the very time complained of evidence is offered and secure an instruction to disregard thereon in order to preserve error. *Fretwell v. State*, 442 S.W.2d 393 (Tex.Cr.App.1969); *Meza v. State*, 172 Tex. Crim.R. 544, 360 S.W.2d 403 (1962); *Christesson v. State*, 172 Tex.Crim.R. 27, 353 S.W.2d 218 (1962); *Fletcher v. State*, 164 Tex.Crim.R. 331, 298 S.W.2d 581 (1957).

■ In his final ground of error appellant complains of acts of misconduct by the State's attorney which appellant asserts were improper comments on appellant's innocence. One specific complaint relates to a question asked by the prosecutor which referred to an inadmissible statement made by appellant. The record reflects the following:

Mr. Blagg: "Were it not prohibited by law, were they not under arrest, would you have any objections to telling the jury what all three of them told you down there at the police station, were it not prohibited by law?"

Detective Calloway: "No, sir."

Appellant made no objection to the question or the answer. Therefore, the error was not preserved and nothing is presented for review on appeal. *Sanne v. State*, 609 S.W.2d 762 (Tex.Cr.App.1980); *Arivette v. State*, 513 S.W.2d 857 (Tex.Cr.App.1974).

■ The second complained of action occurred during the voir dire of the jury panel. Appellant asserts that the State's attorney exhibited a copy of the indictment in front of the jury panel and that printed on the indictment in red was the designation "Habitual." Appellant objected to

showing the panel a copy of the indictment. The court sustained the objection and appellant moved for a mistrial which was overruled. No effort was made by appellant to preserve error, if any, by requested instruction, bill of exception, motion for new trial or otherwise, even though the trial court specifically offered appellant an opportunity to perfect his bill of exceptions. The record does not reflect any proof that the jury panel saw the word "Habitual" stamped on the indictment.[1] In the absence of such proof, appellant did not preserve error. *De Mary v. State*, 423 S.W.2d 331 (Tex.Cr.App.1967).

Appellant submitted a pro se brief in which he brings forth several grounds of error, some of which are duplicative of the ones already discussed. The others we find to be without merit.

We affirm the judgment of the trial court.

---

1. The actions of the prosecutor in exhibiting his file to the jury venire are not to be condoned. Similar conduct has been expressly condemned by our Court of Criminal Appeals in *Delgadillo v. State*, 508 S.W.2d 383 (Tex.Cr.App.1974) and *Dexter v. State*, 544 S.W.2d 426 (Tex.Cr.App. 1976).