Tommy Virgil THOMAS, Appellant,

v.

The STATE of Texas, State.

No. 2-81-112-CR.

Court of Appeals of Texas, Fort Worth.

May 19, 1982.

Rehearing Denied June 30, 1982.

Discretionary Review Granted Sept. 22, 1982.

Earl E. Bates, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for State.

Before JORDAN, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction of burglary of a habitation. V.T.C.A.Penal Code sec. 30.02.

Punishment, enhanced by prior felony convictions, was assessed by the jury at 99 years imprisonment.

We reverse and remand with instructions.

On appeal, appellant initially was represented by his trial counsel, who filed a brief in this court presenting six grounds of error.

Prior to oral submission, the attorney resigned.

He was succeeded by appellant's present counsel who has filed a supplemental brief with a single ground of error challenging the sufficiency of evidence. The State has not replied to this brief.

Appellant also filed a pro-se brief which presents nothing for review, since there is no right to hybrid representation. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981).

The evidence is that on August 30, 1979, Johnnie Mae Edwards, a widow, left her house and walked to a nearby grocery to purchase a money order.

The record is silent as to the length of her absence from the house.

Upon her return, Mrs. Edwards saw an automobile parked in her driveway and met appellant "head on" as he was walking around the corner of her house.

She had known appellant all his life and clearly recognized him during this encounter in broad daylight.

When they met at the corner of her house, appellant told her "I didn't find what I was looking for, so I got this." He displayed an article that appeared to Mrs. Edwards to be a screwdriver, and he left without further conversation.

When Mrs. Edwards entered her house, she found the door open, its lock gone, and she saw that a mattress and pillows had been removed from a bed and placed on the floor.

Mrs. Edwards testified that no property had been taken from her house. She did not identify the screwdriver as hers, and the record is silent as to its ownership.

There is no evidence that fingerprints were taken or that any of Mrs. Edwards' property was found in appellant's possession.

There is no direct evidence that appellant entered Mrs. Edwards' house on the day in question, and the jury was charged on the law of circumstantial evidence.

To sustain a conviction on circumstantial evidence requires proof to a degree of certainty greater than a mere probability or suspicion tending to establish that the accused committed the offense charged. *Donovan v. State*, 539 S.W.2d 884 (Tex.Cr. App.1975); *Montoya v. State*, 625 S.W.2d 25 (Tex.App.1981).

The proof is insufficient when it amounts to only a strong suspicion of guilt. *Young v. State*, 544 S.W.2d 421 (Tex.Cr. App.1976); *Montoya, supra.*

To sustain appellant's conviction on circumstantial evidence, the circumstances must exclude every other reasonable hypothesis except that he is guilty of the offense. *Wright v. State*, 603 S.W.2d 838 (Tex.Cr.App.1979).

Appellant's presence at the scene of the crime is a circumstance tending to prove his guilt, but unless combined with other facts to show his guilt, that circumstance alone is not sufficient to conclude guilt beyond a reasonable doubt. *Wright, supra.*

We find no such additional evidence in the record and must conclude that the evidence is insufficient to support the jury's verdict.

The judgment is reversed and remanded to the trial court with instructions to enter a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1977).