Edward WILLIAMS, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–420–CR.
(2501CR).

Court of Appeals of Texas,
Corpus Christi.

March 31, 1983.
Rehearing Denied April 14, 1983.

Patrick McGuire, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from conviction for burglary of a habitation entered upon a plea of guilty pursuant to a plea bargain agreement. The punishment assessed did not exceed that which was recommended. We agree with the State that we do not have jurisdiction over the appeal.

The right to appeal under the circumstances is governed by Art. 44.02 of our Code of Criminal Procedure, wherein it reads:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial." (Vernon's 1979).

Where the basis for the appellate ground of error has not been presented to the trial court in a written pre-trial motion or the trial court has not given its permission to appeal, this Court is powerless to consider issues submitted by the appellant. *Galitz v. State,* 617 S.W.2d 949, 950–51 (Tex.Cr.App.1981).

Appellant filed a number of pre-trial motions. Additionally, he filed a Request for Permission to Appeal, contained in which is an averment that he is indigent, and a request that the trial court order the transcription of the court reporter's notes. The Request for Permission to Appeal was never acted upon by the trial court, although the statement of facts was prepared as requested. Subsequently, pursuant to further requests of appellant, a hearing was held to set bond pending appeal, and an order was signed by the trial court approving the record.

Generally, it is incumbent upon the defendant to secure rulings on his motions from the trial court. See *Collection Consultants, Inc. v. State,* 556 S.W.2d 787, 794 (Tex.Cr.App.1977), appeal dismissed, 436 U.S. 901, 98 S.Ct. 2228, 56 L.Ed.2d 399, rehearing denied, 438 U.S. 908, 98 S.Ct.

3127, 57 L.Ed.2d 1150 (1978); *Melton v. State,* 508 S.W.2d 104, 106 (Tex.Cr.App. 1974). Cf. *Armour v. State,* 606 S.W.2d 891, 892 (Tex.Cr.App.1980), (where no ruling was made on appellant's motion, but the Court found that he had been diligent in attempting to secure one). Nevertheless, it is appellant's contention that the other actions on the part of the trial court constitute an implied granting of permission. We do not agree.

■ Due to his filing of pre-trial motions appellant had a statutory right to appeal as to the matters raised therein of which the trial court could not deprive him. We construe the orders of the trial court concerning preparation and approval of the record to be related to that statutory right, and not indicative of approval of appellant's request for permission to appeal.

■ Thus, if jurisdiction is to attach in our Court in this case, it must be as a result of appellant's written pre-trial motions. *Galitz,* supra. Neither of the grounds of error raised in this Court are related to those matters. The first charges error on the trial court's part "in failing to determine if the guilty plea was entered freely and voluntarily and without delusive hope of pardon." In the second, complaint is made concerning the trial court's failure to conduct a hearing to determine appellant's competency to stand trial. Appellant had filed his written motion of his intent to offer evidence on the defense of insanity.

> "It is an affirmative defense to prosecution that, *at the time of the conduct charged,* the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated." Tex.Penal Code Ann., Sec. 8.01(a) (Vernon's 1974) (emphasis supplied).

Such is by no means synonymous with incompetency to stand trial predicated upon an insufficient "*present* ability to consult with his lawyer ... or a rational as well as factual understanding of the proceedings against him." Tex.Code Crim.Pro.Ann., Art. 46.02 Sec. 1(a)(1) and (2) (Vernon's 1979) (emphasis supplied). (When the plea was taken, appellant and his attorney expressed an opinion that appellant was competent.)

■ At an earlier hearing appellant did state in open court that he did not feel that he was capable of assisting his attorney. Such a statement, however, does not comport with the requirement of Art. 44.02 that the issue be raised by *written* motion.

■ Having no jurisdiction over the matter, we dismiss the appeal.