

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00543-CR

Jeremy Alan **BUTLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B10-25
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 29, 2013

AFFIRMED

Jeremy Alan Butler was indicted for the offense of burglary of a habitation while committing theft. The State gave notice of its intent to seek enhancement of the range of punishment based on two prior felony convictions—assault/family violence and criminal mischief. On the day of trial, Butler pled guilty to burglary as charged in the indictment. Butler then elected to have punishment assessed by a jury.

At the punishment trial, the State's evidence included the testimony of two law enforcement officers, an investigator from the district attorney's office, and the complainant in

the underlying burglary. The State also presented an audiotape of a conversation between Butler and law enforcement officers in which Butler admitted to the underlying burglary and to various other crimes he had committed. After the State presented its case, Butler testified on his own behalf, stating he was motivated to change his way of life, and that one of the reasons for this motivation was that he was now a father. In closing arguments, the State urged the jury to assess the maximum punishment—99 years—based on the volume and the nature of the crimes Butler had committed. The defense urged the jury to assess a more lenient sentence, emphasizing that Butler had confessed to the underlying burglary.

After hearing all of the punishment evidence, the jury assessed punishment at seventy-two years in prison and a $10,000.00 fine. The trial court entered a judgment of conviction and sentenced Butler to seventy-two years in prison but did not impose a fine. Butler filed a motion for new trial, which was overruled by operation of law. Butler presents seven issues on appeal. We overrule all of Butler's issues, and affirm the trial court's judgment.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Butler argues he was denied effective assistance of counsel in the plea bargaining process. To prevail on an ineffective assistance of counsel claim, a defendant must prove, by a preponderance of evidence, that: (1) counsel's performance was deficient, *i.e.*, counsel's assistance fell below an objective standard of reasonableness; and (2) he was prejudiced by counsel's deficient performance, *i.e.*, a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Generally, in evaluating the effectiveness of counsel, courts look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. There

is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. To defeat the presumption of reasonable professional assistance, an allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id*. at 814. "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the trial record contain sufficient information to permit a reviewing court to evaluate the merits of such a serious allegation. *Id*. Absent record evidence to the contrary, the reviewing court must presume that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813-14.

In evaluating the deficient performance element, courts have held that a defense counsel's failure to inform a criminal defendant of a plea offer made by the State is an omission that falls below an objective standard of reasonableness. *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000), *overruled on other grounds by Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Ex parte Wilson*, 724 S.W.2d 72, 74-75 (Tex. Crim. App. 1987). Additionally, courts have held that a defense counsel has a duty to communicate an accepted plea to the State in a timely manner, *i.e.*, before the plea offer expires. *Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993). To establish the prejudice element of an ineffective assistance of counsel claim when a defendant is not made aware of a plea-bargain offer, the defendant must show a reasonable probability that: (1) he would have accepted the offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer, and (3) the trial court would not have refused to accept the plea bargain. *Ex parte Argent*, 393 S.W.3d at 784.

Here, Butler failed to prove counsel's performance was deficient. The record does not affirmatively show that counsel failed to communicate the State's plea offer to Butler before it was withdrawn. The record shows only that counsel told the trial court at a pretrial hearing that the prosecutor "made me an offer to settle this case and I told him we would accept the offer, and then 30 minutes later he withdrew the offer, so I didn't get it actually [sic] done, so …."[1] Even if counsel failed to communicate the State's plea offer to Butler before it was withdrawn, nothing in the record shows that counsel's performance was unreasonable or unprofessional under the particular circumstances in this case. The record indicates—and Butler agrees—the plea bargain offer was withdrawn quickly, anywhere from thirty minutes to one day after it was made. Because counsel's alleged ineffectiveness is not firmly founded in the record, we must presume that counsel's conduct fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813-14. Additionally, Butler failed to prove prejudice. The record does not affirmatively show that: (1) Butler would have accepted the offer if it had been communicated to him; (2) the prosecution would not have withdrawn the offer, and (3) the trial court would not have refused to accept the plea bargain. *See Argent*, 393 S.W.3d at 784. We, therefore, conclude Butler has failed to establish a claim of ineffective assistance of counsel in the plea bargaining process.

## PROSECUTORIAL MISCONDUCT

Next, in the remainder of his first issue and in his second issue, Butler complains the State engaged in prosecutorial misconduct.

Preservation of error is a systemic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). An appellate court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010).

---

[1]Additional evidence in the record suggests the offer was withdrawn the day after it was made.

Generally, to preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial court, and the trial court ruled on the complaint. *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); TEX. R. APP. P. 33.1(a).

Prosecutorial misconduct is an independent basis for objection that must be specifically urged in order for error to be preserved. *Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [14th Dist.] 2004, per. ref'd). The proper method of preserving error in cases of prosecutorial misconduct is to (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *id.* An appellant must obtain an adverse ruling in order to preserve a matter for appellate review. *Cook v. State*, 858 S.W.3d 467, 473 (Tex. Crim. App. 1993).

Here, Butler complains that the prosecutor engaged in misconduct by: (1) withdrawing its plea bargain offer before counsel had an opportunity to communicate the offer to him; (2) questioning a law enforcement officer about whether Butler had pled guilty in another criminal case; (3) questioning a law enforcement officer about whether there had been pretrial hearings in this case; (4) questioning a law enforcement officer about whether Butler had the opportunity to plead guilty before the day of trial; and (5) questioning Butler about whether he was aware that another man was visiting his child and claiming to be the child's biological father.

As to the first two complaints, the record shows that Butler made no objection. As to the remaining three complaints, the record shows that Butler objected but the objections were not based on prosecutorial misconduct. In addition, the record shows that Butler obtained an adverse ruling as to only one of these objections. In light of this record, we must conclude that Butler has failed to preserve his prosecutorial misconduct complaints for appellate review. *See Penry*, 903 S.W.2d at 764 (holding the appellant preserved nothing for review when he failed to object to the prosecutor's argument or to request an instruction to disregard); *Hajjar*, 176 S.W.3d at 566

(holding the appellant failed to preserve any error for appellate review when he made no objection on the basis of prosecutorial misconduct in the trial court).

Butler argues, in effect, that he was not required to preserve error with respect to his prosecutorial misconduct complaints. To support his position, Butler cites *Huffman v. State*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988), and *Dexter v. State*, 544 S.W.2d 426, 428 (Tex. Crim. App. 1976). However, neither case establishes that Butler was exempt from properly preserving error. The appellant in *Huffman* lodged an objection to an improper question, which was sustained by the trial court. 746 S.W.3d at 218. Thereafter, the appellant asked the trial court to instruct the jury to disregard the improper question, and the trial court did so. *Id*. The appellant then moved for a mistrial, which was denied by the trial court. *Id*. The issue presented in *Huffman* was whether the instruction to disregard was sufficient to cure the improper question, or whether the improper question was automatically so prejudicial that the jury could not have been expected to disregard the question. *Id*. The Court of Criminal Appeals concluded that the question in that case was not so prejudicial that it was not cured by the instruction to disregard. *Id*. at 219.

In *Dexter*, the appellant obtained a motion in limine prohibiting the prosecution from referring to organized crime. 544 S.W.2d at 427. After the trial started, a cabinet belonging to the district attorney's office was brought into the courtroom bearing the sign with the phrase "organized crime" written on it in prominent red letters. *Id*. Outside the presence of the jury, the appellant moved for a mistrial, but the trial court denied the motion. *Id*. The appellant also presented testimony and exhibits into the record to preserve error. *Id.* On appeal, the State argued the appellant failed to preserve error properly. *Id*. The Court of Criminal Appeals disagreed, holding that the motion for mistrial and the adverse ruling on the motion for mistrial were sufficient to preserve error in this particular case. *Id*. at 428. The Court of Criminal Appeals

further noted that, under the circumstances presented, an instruction to disregard the sign on the file cabinet would not have cured the injury. *Id*.

Finally, we are not persuaded that the prosecutor's conduct in this case amounted to fundamental error. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) (holding prosecutor's tactics did not rise to the level of fundamental error). Fundamental error occurs when certain fundamental constitutional rights are violated, such as the right to counsel, the right to an impartial judge, the right for there not to be unlawful exclusion of members of the defendant's race from the grand jury, the right to self-representation at trial, or the right to a public trial. *See id*. (citing *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991)). The record simply fails to show that the complained-of conduct interfered with the trial process to such a degree that Butler was deprived of fundamental fairness and due process of law. *See id*.

Butler's first and second issues are overruled.

## DISPROPORTIONATE SENTENCING

In his third issue, Butler complains his seventy-two-year sentence violated the Eighth Amendment to the United States Constitution.[2] *See* U.S. CONST. amend. VIII. The Eighth Amendment requires a criminal sentence to be proportionate to the crime for which the defendant has been convicted. *Solem v. Helm*, 463 U.S. 277, 290 (1983). In order to preserve a disproportionate sentencing complaint for appellate review, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding the defendant waived any error

---

[2]In his stated issue, Butler says he is complaining about the trial court's refusal to hold a hearing on his motion for new trial. However, the substance of Butler's argument is that the sentence imposed by the trial court is unconstitutional under the Eighth Amendment to the United States Constitution.

regarding the state constitutional right against cruel and unusual punishment by presenting the argument for the first time on appeal).

In this case, Butler did not object to his sentence in the trial court at the time it was imposed. Nor did Butler's motion for new trial contain a specific allegation that his sentence was disproportionate to the offense. Butler's motion for mistrial contained only a general allegation that "[t]he trial court has the discretion to grant a new trial in the interests of justice." A general allegation that a defendant be granted a new trial "in the interests of justice" does not preserve a disproportionate sentence complaint for appellate review. *See Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding disproportionate sentence complaint was waived in the absence of an objection or a specific complaint in the motion for new trial). We conclude Butler failed to preserve his disproportionate sentencing complaint for appellate review. Butler's third issue is overruled.

### DENIAL OF MOTION FOR MISTRIAL

In his fourth issue, Butler argues the trial court erred when it denied his motion for mistrial during the State's questioning of one of its witnesses, James Ledford, a Kerr County Sheriff's Office investigator.

We review the trial court's ruling on a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Martinez v. State*, 336 S.W.3d 338, 342 (Tex. App.—San Antonio 2010, no pet). We uphold the trial court's ruling as long as it is within the zone of reasonable disagreement. *Archie*, 221 S.W.3d at 699; *Martinez*, 336 S.W.3d at 342. "Generally, a mistrial is only required when the improper evidence is 'clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury.'" *Martinez*, 336 S.W.3d at 342 (quoting *Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999)). When the prejudice is

curable, however, an instruction to disregard eliminates the need for a mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).

During the State's direct examination of Ledford the following transpired:

State: I'd like to ask you the character of Jeremy Butler. What is your opinion regarding his character?

Witness: He's a dangerous habitual offender who is a menace to our community.

State: And can you give me a little bit of background in forming your opinion and why you feel so strongly about that?

Witness: Well, he confessed to assaulting ten people, taking their money. You know, that just shows you how violent he is.

State: Have you had an opportunity to discuss and hear what other officers and deputies in the Kerr County system say regarding Jeremy Butler?

Defense: Objection, hearsay.

State: I'm not asking him what they said. I'm asking him if he's heard.

Court: At this point you can answer the question.

Witness: I have knowledge of numerous other assaults that he's committed that—

Defense: I object, Your Honor. This is—

Witness: —the Sheriff's Department has investigated.

Defense: This is not—there's no evidence of this. He's testifying to something somebody else knows or somebody else has told him. He's not testifying that—that was the question that was asked, what do the other officers know or have told him, and then he starts talking about some other incidences that are not in evidence.

State: Your Honor, I can clear this up. We can—

Court: Thank you.

State: We can actually move it along.

Defense: May we approach, Your Honor?

(Proceedings at the bench out of hearing).

Defense: I'm this far from requesting a mistrial, Your Honor. This "I'm going to clear it up later" after the bell's rung has got to stop.

State: Well—

Defense: Your continued narratives and sidebars and then turn around and say, "Oh, I'll clear it up, I'll ask the question the right way," after you've already done rang the bell, that's not—I move for a mistrial, Your Honor, at this time on behalf of my client.

Court: At this point I'm going to deny your motion for mistrial.

Contrary to Butler's argument, the above-referenced testimony was not clearly calculated to inflame the minds of the jury, nor was it of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. Additionally, any error related to this testimony could have been cured by an instruction to disregard. We hold the trial court did not abuse its discretion in denying Butler's motion for mistrial. Butler's fourth issue is overruled.

### DUE COURSE OF LAW AND OTHER ISSUES

In the final section of his brief, Butler combines the arguments for his fifth, sixth, and seventh issues. Accordingly, we address these issues together.[3]

Initially, Butler complains about the actions of the law enforcement officers and the prosecutors in this case. In addition to reiterating his previous complaints about the prosecutor withdrawing a plea bargain offer and the prosecutor's questioning of witnesses, Butler complains about the techniques used by the law enforcement officers when they interviewed him. Butler asserts that one of the officers, Ledford, induced him to confess to crimes he did not commit by making promises he did not keep. Butler maintains that he should have been able to rely on

---

[3]Again, Butler's stated issues are not the same as the arguments presented in his brief.

Ledford's promises. Butler further asserts that the plea bargain offer made by the State and then quickly withdrawn should be followed based on the bad faith of law enforcement officers and the prosecutor.

To support this argument, Butler cites *Wilson v. State*, 311 S.W.3d 452 (Tex. Crim. App. 2010). In *Wilson*, a law enforcement officer admitted he fabricated a document—a forensic lab report—that was instrumental in obtaining the defendant's confession. *Id*. at 454. The defendant moved to suppress his confession, arguing it was obtained in violation of the penal code, which prohibits tampering with evidence and tampering with governmental records. *Id*. at 455. The State countered that police may use trickery and deception during an interrogation and that the fabrication of evidence was just another form trickery and deception. *Id*. at 461-62. The Court of Criminal Appeals disagreed, recognizing a distinction between an officer's use of verbal trickery, deception, and lies about the existence of evidence when interviewing a suspect, and an officer's use of false, incriminating documents when interviewing a suspect. *Id*. at 462. "The problem is that such fabricated physical evidence … has an enduring life of its own and could end up being mistaken for 'the real McCoy.'" *Id*. The Court of Criminal Appeals therefore held that, based on the fabrication of evidence in violation of the penal code, the defendant's confession was inadmissible and should have been suppressed. *Id*. at 465.

In *Wilson*, the defendant preserved error by presenting his argument in the trial court in a motion to suppress, and by obtaining a ruling from the trial court. *See id*. at 455. However, the record before us does not show that the complaints raised by Butler on appeal were ever made in the trial court. Because Butler's complaints were not raised in the trial court, they have not been preserved for appellate review. However, even if we were able to reach the merits of Butler's complaints, we note that this case is distinguishable from *Wilson*. Here, nothing in the record

shows that the officers who interviewed Butler used fabricated evidence during the interview that yielded Butler's confession.

Next, Butler argues that "the due course of law provision of the Texas Constitution provides him with a broader right to fundamental fairness than the due process clause of the Fourteenth Amendment." Butler appears to be arguing that the actions of the law enforcement officers and the prosecutors in this case violated his constitutional rights under the Texas Constitution. However, Butler never made a due course of law objection in the trial court, and nothing in the record indicates that the trial court was aware that Butler was making a due course of law claim. "Failure to preserve error at trial forfeits the later assertion of that error on appeal." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). "[A]lmost all error—even constitutional error—may be forfeited if the appellant failed to object." *Id*. Because Butler failed to raise his due course of law complaint in the trial court, he has forfeited this complaint on appeal. *See Clark*, 365 S.W.3d at 340 (concluding the prosecutor's conduct did not rise to the level of fundamental error, and the appellant forfeited his denial-of-due-process claim by not properly preserving error at trial); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding that by failing to object at trial, the appellant waived any claim that the admission of evidence violated his rights to confrontation and due process/due course of law).

Finally, Butler argues it was improper for the trial court to allow the prosecutor to cross-examine Butler with statements Butler made during the course of plea negotiations. Yet, Butler fails to direct us to the place in the record where the complained-of conduct occurred. An appellant's "brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Failure to comply with Texas Rule of Appellate Procedure 38.1(i), either by failing to argue and analyze one's position, or by failing to provide authorities and record citations, results in a waiver of any error

on appeal. *See Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011) (declining to reach the merits of the appellant's complaints when the appellant failed to cite to the place in the record where the complaints were registered in the trial court). Butler's complaint is inadequately briefed and, as a result, any error is waived. *See id.*; TEX. R. APP. P. 38.1(i).

Butler's fifth, sixth, and seventh issues are overruled.

## CONCLUSION

Having overruled all of Butler's issues, we affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish